566 So.2d 69 (1990)
Albert YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02449.
District Court of Appeal of Florida, Second District.
August 31, 1990.
Howard J. Shifke of Howard J. Shifke, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Acting Chief Judge.
Albert Young, who had pleaded guilty to engaging in sexual activity with a child between the ages of twelve and eighteen, has appealed from an order revoking his probation on the ground that he failed to complete a mentally disordered sex offender program. Because his violation of probation was not willful or substantial, we reverse.
Pursuant to a plea agreement Young was sentenced to a true split sentence  twenty years in prison, to be suspended after two years, with the remaining eighteen years on probation. See Poore v. State, 531 So.2d 161 (Fla. 1988). Condition number 15 of the order placing Young on probation stated: "Complete MDSO [mentally disordered sex offender] program." On June 20, 1989 an affidavit of violation of probation was filed stating that Young had "failed to complete the Mentally Disordered Sex Offender Program as court ordered on November 16, 1987, by being unsuccessfully terminated from the SHARE [Sexual Health: Awareness, Rehabilitation, Education] program by Dr. Leo Cotter as of 3/17/89 due to the probationer's denial of ever engaging in this sexual offense in question."
At a hearing Young admitted that he had been released from the SHARE program, but he requested a thirty day continuance to enter another sex offender program. He explained that essentially he had a conflict with Dr. Cotter, who ran the program. At a later hearing, Young's attorney presented the court with a letter from Dr. Cotter, who was willing again to accept him in the program although he was nonetheless somewhat skeptical about the possibilities for Young's success. Young's attorney stated that Young, after reflecting upon his previous behavior in the program, was willing to be cooperative if reaccepted.
"A violation which triggers a revocation of probation must be willful and substantial *70 and the willful and substantial nature of the violation must be supported by the greater weight of the evidence." Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988). In spite of Young's admission to the violation for the narrow reason that he had actually been dismissed from the SHARE program, he expressed a willingness to complete some form of MDSO counseling. The probation order did not specify the period within which Young was to complete the program, how many chances he would be given to obtain success, or when within the eighteen year term of his suspended sentence he was required to complete the program. Because the order was so nonspecific, and because Young professed his desire to complete this condition of probation in some form acceptable to him, we have determined from the totality of the several considerations that the trial court abused its discretion in revoking Young's probation.
Accordingly, we reverse the order under review and remand this cause to the trial court to reinstate Young's probation and to clarify the requirements of condition 15.
HALL and PATTERSON, JJ., concur.