604 So.2d 561 (1992)
Walter E. ARCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3299.
District Court of Appeal of Florida, First District.
August 28, 1992.
*562 John J. Terhune of Law Offices of John J. Terhune, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
Walter E. Archer appeals from the trial court's revocation of his probation due to his failure to comply with a condition of probation that he successfully complete recommended psychological treatment. We affirm.
Pursuant to a plea agreement, Archer pled nolo contendere to four counts of attempted sexual battery upon a child under twelve years of age, and he was placed on probation for five years. A negotiated special condition of probation required Archer to undergo a psychosexual evaluation and successfully complete any and all recommended treatment. No time frame for completion of this condition was included in the order. Archer began treatment in the SHARE Program in Tampa but was terminated for failing to cooperate with his counselor. He was then referred to Dr. Louie Legum, a psychologist, who conducted a psychosexual evaluation. As a result of the evaluation, Dr. Legum placed Archer in a treatment program. Essential to the successful completion of the treatment program was Archer's acknowledgment that he had trouble controlling his sexual impulses. After four weeks of therapy, Dr. Legum discharged Archer because he refused to acknowledge that he had a sexual problem. Archer was subsequently arrested for violation of probation. At the violation of probation hearing, Dr. Legum testified that, in light of Archer's unwillingness to acknowledge his problem and his failure in the Tampa program, additional therapy sessions would be useless.
Archer first asserts that when he entered his plea, he did not expect that any treatment required as a result of the special condition of probation would require an *563 acknowledgment that he had any sexual problem. He argues that because he did not expect this, he should not be required to comply with the special condition. Where a defendant's claim is that his plea was entered without a full understanding of its consequences, his remedy is through either a motion to vacate his plea, see Robinson v. State, 373 So.2d 898 (Fla. 1979), or a motion to vacate his judgment and sentence under Rule of Criminal Procedure 3.850, see Viars v. State, 415 So.2d 75 (Fla. 1st DCA 1982). Because Archer has submitted neither motion to the trial court, he is entitled to no relief due to any misunderstanding as to the consequences of his plea.
Archer also argues that he was not properly evaluated. As we indicated in Yancey v. State, 547 So.2d 1040 (Fla. 1st DCA 1989), where a special condition of probation requires a defendant to submit to evaluation and then satisfactorily complete any recommended treatment programs, a proper evaluation is a condition precedent to any obligation of the defendant to participate in a treatment program. In Yancey, a proper evaluation had not been conducted, but, in this case, the record reveals that a psychosexual evaluation was conducted by Dr. Legum, a psychologist with extensive experience in evaluation and treatment of sex offenders. Archer nevertheless contends that the evaluation was erroneous because the psychological testing alone did not lead Dr. Legum to the conclusion that Archer had a sexual problem which required treatment. We are unpersuaded by this contention. Dr. Legum testified that psychosexual evaluations are not based simply upon psychological testing. He testified that such evaluations are based upon a combination of psychological testing, a sexual history taken from the person being evaluated, and a review of official documents such as arrest reports, depositions, Child Protection Team assessments, and affidavits. Dr. Legum's testimony was that he did not rely exclusively upon psychological tests in his evaluation of Archer. Because the record indicates a basis for finding that Archer was properly evaluated, we reject his argument on this point.
Relying upon Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990), Archer also argues that no violation of probation occurred because the probation order did not specify a time period for completion of the treatment program. In Young, the defendant had been dismissed from a treatment program, but "after reflecting upon his previous behavior in the program, was willing to be cooperative if reaccepted." Id. at 69. Young's treating physician also expressed his willingness to accept him back into the program. The trial court nonetheless found Young violated his probation. The appeals court reversed, concluding that the violation was not willful or substantial. The court noted that the probation order did not specify a period of time for completing a treatment program or how many chances Young would have to obtain success.
Archer's reliance upon Young is misplaced. As Young makes clear, the defendant must express a desire to complete the stated condition of probation. See also Haynes v. State, 571 So.2d 1380 (Fla. 2d DCA 1990) (nonspecific order combined with defendant's testimony that he was willing to enter and complete the program demonstrated defendant had not violated this condition of probation). In this case, however, Archer adamantly maintained at the hearing that he had no sexual problem and expressed no willingness to participate in a treatment program or otherwise comply with the condition of probation. To the contrary, his counsel requested the court to "delete [the condition] or have some type of alternative psychological counseling versus what is in that order." Furthermore, Dr. Legum testified that "as a practical matter, given his failure in the SHARE Program in Tampa and with ours in Gainesville, I don't think there is anything therapeutically, at least in the sexual realm[,] that is possible."
We conclude that the trial court did not abuse its discretion in finding that Archer willfully and substantially violated a condition *564 of his probation. Accordingly, we affirm.
BOOTH and SMITH, JJ., concur.