629 So.2d 261 (1993)
Miguel DIAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3641.
District Court of Appeal of Florida, Fourth District.
December 15, 1993.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse the revocation of appellant's probation and remand with directions that probation be reinstated.
Pursuant to a plea agreement appellant entered a guilty plea and was placed on two years probation. One condition of probation was that appellant receive a psychological evaluation and "any treatment or counseling deemed necessary." Subsequently, the state *262 sought to revoke appellant's probation because he would not admit to a counselor that he had committed the specific conduct underlying the criminal charges.[1] Upon hearing, his probation was revoked and he was sentenced to a term of incarceration.
When appellant's guilty plea was entered and accepted, he was not asked to admit the unlawful act charged. Rather, he was asked if he was entering the plea "in his best interest." He did admit that if there was a trial "it is possible [he] could be convicted." After being placed on probation, appellant was evaluated and attended all counseling sessions required. No specific condition of probation was imposed requiring him to admit to a counselor the specific acts charged. Under these circumstances we do not believe appellant has been proven to have violated the terms of his probation. Yancey v. State, 547 So.2d 1040 (Fla. 1st DCA 1989); see also and compare Haynes v. State, 571 So.2d 1380 (Fla. 2d DCA 1990); Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990), with Archer v. State, 604 So.2d 561 (Fla. 1st DCA 1992).
Appellant has apparently done everything that the terms of the probation order require, including participating in psychological counseling. If it is a trial court's determination that an admission of guilt to specific conduct to a counselor is necessary, then the defendant should be so advised before a plea agreement is approved. Here, the appellant did not admit his guilt to the specific conduct in plea negotiations or at any court hearing, and no term of probation requiring him to do so was imposed.
ANSTEAD, GUNTHER and KLEIN, JJ., concur.
NOTES
[1] At the subsequent revocation hearing the counselor testified that it was important to the success of the counseling that the appellant admit the specific misconduct.