643 So.2d 674 (1994)
Carl Edward BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 92-4315.
District Court of Appeal of Florida, First District.
October 11, 1994.
Robert L. Corse of Corse & Bell, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., and Sonya Roebuck Horbelt, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from an order revoking Bell's probation for violating certain conditions thereof. Bell was arrested for sexual battery on April 16, 1990, and subsequently charged by information with two counts of sexual battery on May 3, 1990. On August 6, 1990, Bell entered a negotiated plea of guilty to the lesser-included offense "as a convenience" because he did not think he could win a jury trial, specifically crossing out the preprinted words "I am guilty" and writing in "it is in my best interest" in explanation thereof. The court adjudicated Bell guilty and sentenced him to two years' incarceration, followed by two years' probation, subject to the following conditions relevant to this appeal:
(8) You will promptly and truthfully answer all inquiries directed to you by the Court or the Probation Officer and will allow the Officer to visit in your home at your employment site or elsewhere, and will comply with all instruction he may give you.
....
(13) You shall submit to Psychosexual counseling as directed by your Probation Officer.
Bell began his probation in June 1991, and was evaluated and recommended to the Sexual Offender Treatment Program in February 1992. Bell began the program on May *675 12, 1992, and attended a total of eight weekly sessions, but was terminated from the program by his counselor on July 28, 1992, for refusing to admit to the charges against him, which was a requirement for continuation in the program. Bell's probation officer instructed Bell on August 10 and September 22, 1992, to contact his counselor and successfully complete the program. Bell did not do so, and his probation officer consequently filed an affidavit of probation violation against Bell on October 21, 1992, for violating conditions 8 and 13 (quoted above) respectively by failing to complete psychosexual counseling per his instructions, and by being terminated from psychosexual counseling for refusing to admit his involvement in the offense committed. Bell was arrested on November 17, 1992, for violation of probation, and after a hearing regarding same, his probation was revoked and he was sentenced to five and one-half years' incarceration with credit for two years and thirty days already served by order and judgment filed December 16, 1992. By order finding Bell in violation of probation dated December 17 and filed December 31, 1992, the court found that Bell "violated # 8 of his probation by his refusal to `comply with all instruction his Probation Officer may have given him,'" and "violated condition # 13 by refusing to submit to psychosexual counseling as directed by his Probation Officer." Bell timely filed his appeal on December 17, 1992.
The standard of review for probation revocation orders is whether the trial court abused its discretion. Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992). As recently stated by this Court, "[a] trial court is vested with broad discretion in determining whether a probationer has violated a condition of the probation. A violation which triggers a revocation of probation must be `willful and substantial.' Alleged violations must be proven by the greater weight of the evidence." Burgin v. State, 623 So.2d 575, 576 (Fla. 1st DCA 1993) (citations omitted).
Upon careful review of the unique record in this case, we find that Bell did not violate his probation, much less willfully and substantially so, and the trial court abused its discretion in finding otherwise. Bell's probation order merely required that he "submit to" psychosexual counseling  a requirement which he satisfied by attending eight weekly counseling sessions before being terminated therefrom by his counselor for refusing to admit to the underlying charges. The probation order did not require that he admit to the underlying charges or that he complete the counseling at issue. These additional requirements imposed respectively by Bell's counselor and probation officer amounted to an unauthorized and impermissible upward modification of Bell's probation conditions, and Bell cannot now be penalized for failing to abide by them. As such, we reverse Bell's probation revocation and remand to the trial court with directions that Bell's probation be reinstated.[1]See Diaz v. State, 629 So.2d 261 (Fla. 4th DCA 1993) (court likewise reversing probation revocation and remanding with directions to reinstate probation under strikingly similar circumstances).
BOOTH, MICKLE and BENTON, JJ., concur.
NOTES
[1] We emphasize that this holding does not conflict with our recent decision in Archer v. State, 604 So.2d 561 (Fla. 1st DCA 1992), in which we affirmed a probation revocation order under analogous, but by no means identical, circumstances. Significantly, the Archer decision involves at least three important factual distinctions. First, the probation condition at issue in Archer required that the appellant successfully complete (as opposed to "submit to") psychological treatment. Id. at 562. Second, the Archer appellant's lack of desire to complete counseling was relevant to the specificity of his probation condition requiring him to complete counseling. Id. at 563. Again, because the probation conditions at issue here do not require Bell to complete counseling, his lack of desire to do so is irrelevant. Third, the appellant in Archer was discharged from counseling because he refused to acknowledge that he had a sexual problem. Id. at 562. In contrast, Bell was discharged from counseling for failing to admit his guilt in the underlying crimes.