684 So.2d 242 (1996)
David Keith BENNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01091.
District Court of Appeal of Florida, Second District.
December 4, 1996.
*243 Bruce G. Howie of Piper & Ludin, P.A., St. Petersburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
David Keith Bennett appeals the revocation of his probation which was based solely on his failure to complete a sex offender treatment program. We reverse because the evidence does not establish a willful and substantial violation.
Bennett was charged with one count of handling and fondling a child under the age of sixteen and one count of battery. He entered a negotiated plea of guilty to two counts of battery and was placed on two years' probation. Condition seventeen of the probation order provided, "You will be evaluated for sex offender problems and enter into and successfully complete an out-patient sex offender treatment program if indicated." The only evidence of Bennett's violation was Dr. Leo Cotter's testimony that Bennett refused to admit that he had committed the sexually deviant conduct charged in count one of the information. As a result of his refusal to admit the sexual conduct, Dr. Cotter terminated Bennett from the sex offender treatment program.
Bennett asserts that the evidence presented does not prove that he wilfully and substantially violated probation condition seventeen. We agree. A violation which triggers a revocation of probation must be willful and substantial. See Harris v. State, 610 So.2d 36 (Fla. 2d DCA 1992). The standard of review is whether the trial court abused its discretion. Molina v. State, 520 So.2d 320 (Fla. 2d DCA 1988).
In this case, Bennett pleaded guilty to two counts of simple battery. Prior to entering his plea, Bennett was never advised that in order to successfully complete his probation he would be required to admit the sexual acts underlying the primary charge of handling and fondling a child. Furthermore, no condition of probation was imposed that required him to admit to a counselor the sexual acts charged. As in Diaz v. State, 629 So.2d 261, 262 (Fla. 4th DCA 1993), under these circumstances, Bennett's refusal to admit to the sexual conduct does not constitute a willful and substantial violation of the terms of his probation. See also Bell v. State, 643 So.2d 674 (Fla. 1st DCA 1994).
Therefore, we conclude that the trial court abused its discretion when it violated Bennett's probation. Because Bennett has otherwise complied with the conditions of his probation, we reverse the revocation and remand with directions that his probation be reinstated.
Reversed and remanded.
SCHOONOVER, A.C.J., and BLUE and FULMER, JJ., concur.