PER CURIAM.
We affirm the revocation of appellant’s community control for violating a special condition that prohibited contact with the victim. This was not a ease, as appellant argues, where the contact with the victim was not willful and substantial because it was beyond his control. Even assuming that he got on the telephone without realizing that the victim was on the other end, appellant willfully carried on an upsetting and accusatory conversation with her instead of ending the call. While crying, appellant told the victim that he hated being on house arrest, that no one believed her story, that she was ripping the family apart and that he wanted her to tell everyone that she had fabricated the allegations against him. This is unlike the conduct in McCumber v. State, 682 So.2d 1214 (Fla. 2d DCA 1996), in which the court found no willful or substantial violation of a no contact provision where the probationer received a call without knowing that his daughter was on the line and terminated the conversation after briefly speaking to her about school and her brother.
We remand to the trial court for the entry of a written order revoking appellant’s community control. Home v. State, 675 So.2d 247 (Fla. 4th DCA 1996).
WARNER, POLEN and GROSS, JJ., concur.