751 So.2d 184 (2000)
Freddy Armando ARIAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2065.
District Court of Appeal of Florida, Third District.
February 16, 2000.
Bennett H. Brummer, Public Defender and Robert Kalter, Assistant Public Defender, for appellant.
*185 Robert A. Butterworth, Attorney General, and Michael Neimand, Assistant Attorney General, Consuelo Maingot, Assistant Attorney General, and Oliver Gilbert, Certified Legal Intern, for appellee.
Before GODERICH, GREEN, and RAMIREZ, JJ.
GREEN, J.
Freddy Armando Arias appeals the revocation of his probation for failing to successfully complete a mentally disordered sex offender ("MDSO") program and for telephoning the victim's residence and leaving a message for the victim through the victim's sister. Finding that the revocation of Arias' probation was not an abuse of discretion, we affirm.
Pursuant to a negotiated plea arrangement, Arias' pled guilty to two counts of lewd assault on a minor and was sentenced to two years probation. The special conditions of his probation required, among other things, that Arias enter and successfully complete an MDSO program and that he not associate in any way with the minor victim. An affidavit of violation of probation was filed alleging that Arias had violated both conditions of his probation. Arias entered a denial and an evidentiary hearing was conducted.
Arias' probation officer, Leon Webb, was first called to testify. According to Mr. Webb, he explained to Arias that the special condition of his probation prohibiting any association with the victim meant that it was inappropriate for Arias to contact the victim or the victim's family by phone or for him to go to visit the victim's home.[1] Mr. Webb further testified that Arias understood these conditions by signing the order.
Dr. Elsa Marban, director of the MDSO program in which Arias had been enrolled was called next to testify. According to Dr. Marban, prior to Arias' acceptance into the program, Arias had been evaluated to ascertain whether he accepted minimal responsibility for his acts. Based upon his willingness to accept minimum responsibility, Arias was accepted into the program. Once accepted into the program, however, Dr. Marban testified that Arias' progress became increasingly regressive in nature. Although Arias regularly attended the program for two months, he continued to cast all blame upon the victim. Dr. Marban testified that over time, Arias became more belligerent and withdrawn. Dr. *186 Marban further testified that although she ordinarily gives sex offenders six weeks within which to accept responsibility for their actions and to actively participate in the program, Arias was given two months. Given Arias' steadfast refusal to accept responsibility for his actions, Dr. Marban terminated him from the MDSO program and concluded that he would be unable to successfully complete the remainder of the program.
The state also called the victim's sister, Bornavela Oviedo, to testify at the revocation hearing. According to Ms. Oviedo's testimony, Arias telephoned the house where she and the victim resided and asked to speak to the victim on two occasions during his period of probation. On the first occasion, after Ms. Oviedo declined to allow Arias to speak to the victim, Arias hung up. On the second occasion that Arias telephoned the victim's residence, Arias told Ms. Oviedo to tell the victim that she was beautiful and that he still loved her.
Arias testified on his own behalf at the evidentiary hearing and essentially denied the testimony of all of the state's witnesses. Although he acknowledged that he knew that he was not supposed to have contact with the victim and that attempting to get a message to the victim through a third party was considered contact, he denied that he ever telephoned the victim's residence.
At the conclusion of the hearing, the trial court concluded that Arias had willfully violated the special conditions of his probation. Arias' counsel requested the court to sentence Arias to house arrest for two years to be followed by a term of probation with the special condition that he successfully complete the MDSO program, with full knowledge that if there was a subsequent violation, he would be sentenced to state prison. The trial court declined this request based upon its conclusion that Arias was in complete denial about everything, and its belief that the MDSO program would not benefit him. Accordingly, the trial court revoked his probation as unsuccessful and sentenced Arias to fifty-six months in state prison. This appeal followed.
Arias first maintains that the revocation of his probation was error where the order of probation did not prescribe a specific time period within which he was required to complete the MDSO program. He further argues that the revocation of probation was error where the evidence failed to establish that he had any direct contact with the victim.
A violation which triggers a revocation of probation must be both willful and substantial in nature, and must be supported by the greater weight of the evidence. Kolovrat v. State, 574 So.2d 294, 296 (Fla. 5th DCA 1991) (citing Young v. State, 566 So.2d 69, 70 (Fla. 2d DCA 1990)). Our standard of review of a probation revocation order is one of an abuse of discretion. See Perez v. State, 599 So.2d 1385, 1388 (Fla. 3d DCA 1992); Molina v. State, 520 So.2d 320, 321 (Fla. 2d DCA 1988). On the record before us, contrary to Arias' arguments, we conclude that the evidence was sufficient to establish his willful and substantial violation of both of the special conditions of probation; thus, we conclude that the trial court's revocation of his probation was not an abuse of discretion.
The order of probation required Arias to "enter and successfully complete" the MDSO program. According to the testimony of Dr. Marban, Arias was prescreened for the MDSO program and was accepted based upon his initial willingness to accept minimal responsibility for his actions. Once admitted to the program, however, Arias was unable to progress and successfully complete the program due to his steadfast refusal to accept full responsibility of his criminal conduct. This would obviously preclude his successful completion of this program.
Arias nevertheless cites Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990), for the *187 proposition that his probation could not be revoked where his order of probation placed no time limit on his successful completion of the MDSO program. We find Young to be factually distinguishable from this case.[2] In Young, the trial court revoked Young's probation for failure to successfully complete a MDSO program where Young admitted his release from the program, but requested a thirty day continuance within which to locate another sex offender program, due to a personal conflict with his treating physician. 566 So.2d at 69. In the interim, Young adduced a letter from his treating physician indicating a willingness to have Young reinstated into the program. Id. Given the totality of these particular circumstances coupled with the fact that Young's order of probation was nonspecific in terms of when Young was to complete the program, the Second District found the revocation of his probation to be an abuse of discretion.
In this case, unlike Young, Arias never expressed a willingness to cooperate with the MDSO program if allowed to be reinstated in the program and the program never expressed a desire to have Arias reinstated. In fact, at the revocation hearing below, Arias steadfastly denied Dr. Marban's testimony that he had been uncooperative or unsuccessful at the MDSO program. The trial court as the fact finder, was obviously entitled to discredit his testimony and conclude that Arias' failure to make sufficient progress at the MDSO program was due solely to his refusal to accept full responsibility for his criminal acts. For this reason, we agree with the state that this case is more analogous to Archer v. State, 604 So.2d 561 (Fla. 1st DCA 1992). In that case, the probationer was placed on probation for five years, after having pled nolo contendere to four counts of attempted sexual battery upon a child under twelve years of age. A special condition of his probation required that he undergo a psychosexual evaluation and successfully complete any and all recommended treatment. Id. at 562. Essential to the successful completion of the treatment program was the probationer's acknowledgment that he had trouble controlling his sexual impulses. Id. Probation was subsequently revoked by the trial court due to the probationer's refusal to acknowledge his problem as was required by his treatment program. The Archer court found that the revocation of probation upon this ground not to be an abuse of discretion, even where a time limit to complete the program had not been specifically delineated in the order of probation. We likewise conclude in this case that the trial court did not abuse its discretion in revoking Arias' probation based upon his willful failure to participate in good faith with the MDSO program.
Similarly, we conclude that the trial court did not abuse its discretion when it revoked Arias' probation based upon his indirect contact with the victim through a third party. Certainly, a probationer's willful contact with a victim after being prohibited by court order is a valid ground for revocation of probation. See Burse v. State, 724 So.2d 596 (Fla. 2d DCA 1998); Pace v. State, 691 So.2d 599 (Fla. 4th DCA 1997). The order of probation mandated that Arias have no association in any way with the victim. By his very own admission to his defense counsel at the revocation hearing, Arias acknowledged that he understood this special condition of his probation to preclude, among other *188 things, sending telephonic messages to the victim through third parties:
[Defense Counsel]: Have you had any contact with the victim in this case?
[A] Never.
[Defense Counsel]: Do you understand trying to get a message through a third person that that is considered contact?
[A] Yes.
[Defense Counsel]: Mailing letters and any type of communication directly or indirectly is contact?
[A] Um-huh.
[Defense Counsel]: Were you always aware of that fact?
[A] Um-huh.
[Defense Counsel]: Yes or no?
[A] Yes.
Given this admission, we find Arias' argument on this appeal that the state failed to establish that he had had contact with the victim to be completely specious and we reject the same.
Therefore, for the foregoing reasons, we affirm the order under review.
Affirmed.
NOTES
[1] Arias' probation officer testified as follows:

Q. Do you have a certain procedure when a person is put on probation?
A. Yes. When they first report to our office we sit down and go over the conditions of probation, the rules they have to follow while on probation.
Q. Did you do that in this case?
[DEFENSE COUNSEL]: To save time I will stipulate my client was advised and understood all of the conditions of probation.
THE COURT: Okay.
BY [PROSECUTOR]:
Q. As one of the conditions of probation did you inform the defendant he must enter and successfully completed the MDSO program?
A. Yes.
Q. Did you also advise the defendant he may not have any contact with the victim in this matter or with the victim's family?
A. He was instructed not to have any contact with the victim or a third party.
Q. Did you instruct him on the ways that contact might be construed?
A. Yes.
Q. Did you tell him it was inappropriate to call the victim on the telephone?
A. Yes.
Q. Did you tell the defendant it was inappropriate to contact the victim's family by telephone?
A. Yes.
Q. And did you also instruct the defendant that it was inappropriate to go over to the victim's house?
A. Yes.
Q. Did the defendant indicate he understood these conditions?
A. Yes. He indicated by signing the order.
Q. And following the procedure you normally have in place?
A. Yes.
Q. Did he sign the probation conditions in your presence?
A. Yes, he did.
[2] Similarly, we find Arias' reliance upon Carter v. State, 24 Fla. L. Weekly D2659, ___ So.2d ___, 1999 WL 1062529 (Fla. 4th DCA Nov.24, 1999) and Cyr v. State, 747 So.2d 1005 (Fla. 2d DCA 1999) to be misplaced. In both cases, the probationer had had sporadic attendance at counseling sessions with a psychiatrist or mental health therapist and, as a result, the trial court in each of these cases revoked the probation. Both revocations were reversed on appeal where the orders of probation in both cases neither required the probationer's completion of the program or contained a time limit. In this case, Arias' probation order specifically required his successful completion of the MDSO program within his two year probationary period.