840 So.2d 464 (2003)
Denny MILLS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-298.
District Court of Appeal of Florida, Fourth District.
March 26, 2003.
*465 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Maria J. Patullo, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Mills' conviction and sentence following the trial court's order revoking his probation.
In 1998, Mills pled no contest to the charges of attempted sexual battery on a child under twelve by a perpetrator under the age of eighteen and of committing a lewd, lascivious or indecent act. He was sentenced to two years in prison, followed by four years of probation and was later designated a sexual predator.
One of the conditions of Mills' probation was that he complete a sex offender treatment program. Condition 17 of the probation order required "[a]ctive participation in and successful completion of a sex offender treatment program."
After being released from prison in January 2000, Mills was permitted to move to Kentucky. In late January, he was admitted into a sexual offender treatment program in that state, but was terminated from the program on October 31, 2000.
At the violation of probation (VOP) hearing, Keth Zimmerman-Hicks, a mental health counselor, testified that she terminated Mills from the rehabilitation program *466 for multiple reasons, including "excessive absenteeism," lack of participation and motivation, and for failure to take responsibility for his offending behaviors. According to Hicks, even when Mills did attend the group sessions, he did not actively participate and did not complete the requisite assignments in violation of his "contract" with the program.
Mills also violated the program's policy of allowing only one unexcused absence every 90 days by accumulating six unexcused absences in six months. The contract, signed before Mills was admitted to the program, specifically explained which excuses would be considered unexcused absences. When Mills exceeded the allowable number of unexcused absences, a meeting was held in which Hicks placed Mills on probation for thirty days and warned him he could not have any more unexcused absences in the next 90 days or he would be terminated. After this meeting, Mills had two more unexcused absences.
Mills did not deny the number of unexcused absences he had accumulated or that his "excuses" were unacceptable under the contract. In addition, Mills conceded that he had not complied with the program's requirement that he admit his guilt. In fact, when the program's counselors discovered that Mills was a non-admitter, they allowed him to remain in group therapy only because many sex offenders initially deny their behaviors but are able to work through their denial. However, Mills continued to deny he was a sexual offender throughout the treatment program and the VOP hearing.
The trial court found that Mills had willfully and substantially violated the conditions of his probation by failing to complete his sex offender treatment program. The court found that the absences in and of themselves amounted to a willful, material and substantial violation of Mills' probation. However, the court also deemed Mills' continuous lack of participation a violation. In addition, the court refused to accept defense counsel's argument that Mills should not have been made to admit his guilt during the treatment program when he had pled no contest to the charges.
We conclude that the trial court did not abuse its discretion in revoking Mills' probation, as, on this record, the greater weight of the evidence supported the court's decision.
Mills argues that the court did not have the discretion to, in essence, refuse to honor his "best interest" plea by revoking his probation for not admitting his criminal conduct. However, "[a] plea of nolo contendere admits the facts for the purpose of the pending prosecution" and is the same as a guilty plea insofar as it gives the court the power to punish. Vinson v. State, 345 So.2d 711, 713-15 (Fla.1977); Montgomery v. State, 821 So.2d 464, 466 (Fla. 4th DCA 2002). Furthermore, Mills has not moved to withdraw his plea in the trial court and, as the plea "remains of record," he cannot argue that the punishment is unjust because he is not guilty. Archer v. State, 604 So.2d 561, 563 (Fla. 1st DCA 1992). In Archer, the appellant entered a nolo contendere plea and was ordered to undergo a psychosexual evaluation and to complete all recommended treatment as a condition of his probation. However, because he failed to admit he had a sexual problem, his psychologist discontinued the therapy sessions. The appellant argued that when he entered his no contest plea, he did not know he would be required to admit to his sexual problems to avoid violation of his probation. The district court reasoned that if the appellant entered his plea without a full understanding of its consequences, he should have moved to vacate *467 either his plea or his judgment and sentence in the trial court. Because he had submitted neither motion to the trial court, his argument would not be considered on direct appeal. Id.
The Third District has also held that a defendant's refusal to admit his guilt for purposes of completing a court-ordered treatment program was a willful violation of probation. See Arias v. State, 751 So.2d 184 (Fla. 3d DCA 2000)(appellant willfully and substantially violated his probation where he was unable to successfully complete court-ordered mentally disordered sex offender program due to his refusal to accept responsibility); but see Bennett v. State, 684 So.2d 242 (Fla. 2d DCA 1996)(court concluded that there was no probation violation where appellant, who had pled guilty to charge of sexual conduct with a child and was ordered to complete a sex offender treatment, had not been told he would have to admit guilt for underlying offenses).
As in Archer and Arias, Mills did not express any interest in successfully completing a sexual offender program in which he would have to admit his guilt. Successful completion of the program, however, was dependent on such an acknowledgment. Therefore, the court did not abuse its discretion in finding a violation.
The court also did not abuse its discretion in revoking Mills' probation notwithstanding the absence of a specific time period within which he was to complete the program. See Archer, 604 So.2d at 563 (rejecting appellant's argument that no probation violation occurred because the court had not assigned a specific time period in which he was to complete the therapy, where appellant denied committing the offenses charged and did not express a willingness to participate in the treatment program). In any event, this issue was not preserved. Counsel did not object on this basis at any time during the hearing.
Even if the issue had been preserved, Mills' argument would, nonetheless, have failed. "Generally, un-excused absences from required therapeutic programs constitute willful violations of probation." Marcano v. State, 814 So.2d 1174, 1176 (Fla. 4th DCA 2002). Mills argues that because the probation order did not specify a time period within which Mills was to complete the sex offender program, his excessive unexcused absences should not be grounds for revoking his probation. For support, he cites O'Neal v. State, 801 So.2d 280 (Fla. 4th DCA 2001), Jones v. State, 744 So.2d 537 (Fla. 2d DCA 1999), and Salzano v. State, 664 So.2d 23 (Fla. 2d DCA 1995). While the cited cases did involve the lack of specificity as to a time period, they are distinguishable because, in each, the conduct was not deemed willful, as the appellant had expressed a willingness to complete the program after being discharged.
Here, Mills made no effort, and demonstrated no willingness to either be reinstated into treatment or to participate in a comparable program. Mills was terminated from the sex offender treatment program on October 31, 2000, and he did not seek treatment when he had the opportunity; the VOP warrant for his arrest was not filed until February 26, 2001. We recognize that his possible reinstatement was asserted at sentencing, but this was too late.
Moreover, Mills' conduct prevented him from successfully completing the program. Reinstatement would have been pointless. See Archer, 604 So.2d at 563. Therefore, the conviction and sentence are affirmed.
GROSS and MAY, JJ., concur.