EVANDER, J.
Warren Staples appeals from an order revoking his probation. As a condition of probation, Staples had been ordered to actively participate in, and successfully *562 complete, a sex offender treatment program. He was terminated from that program because of his continuous denial of sexual misconduct. On appeal, Staples argues that his dismissal from the sex offender treatment program based on his repeated refusal to admit to engaging in deviant sexual behavior cannot constitute a willful and substantial violation of probation where he was never advised, prior to the entry of his plea, that his admission to such behavior would be required. Although Staples may not have been aware of this requirement at the time of the entry of his plea, the record reflects that he was made aware of the necessity to acknowledge his offending behavior months before he was dismissed from the program. Upon learning of the full consequences of his plea, Staples’ remedy was to either file a written motion to withdraw his plea,[1] or a motion to vacate his judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850.[2] Because Staples did neither, we conclude that the trial court could properly revoke his probation.
On August 27, 2012, Staples entered a guilty plea to a sex offense.[3] Pursuant to his plea agreement, Staples was sentenced to sixty months of sex offender probation. Staples was required, as a condition of probation, to successfully complete a sex offender treatment program. At the plea/sentencing hearing, Staples was not asked to admit that he had, in fact, committed the charged offense, nor was he advised that the sex offender treatment program would require him to acknowledge his offending behavior.
In October 2012, Staples attended his first weekly group counseling session for his approved sex offender treatment program (“the ITM Group program”). He never missed a session over the next five months, but repeatedly denied any wrongful sexual behavior during the sessions. On March 22, 2013, Staples was dismissed from the ITM Group program. The sole basis for his dismissal was his continued denials of any offending behavior. As a result of his termination from the ITM *563 Group program, Staples was charged with violating his probation.
At the violation of probation hearing, Staples’ probation officer testified that pri- or to Staples’ termination from the ITM Group program, she had advised him on “probably [a] monthly” basis that his continued denials “would get him kicked out of the treatment program and violate his probation.” The State also presented testimony from Staples’ ITM Group therapist who explained that admitting responsibility for some type of deviant or inappropriate behavior is a necessary part of the treatment program. “A client’s not going to be amenable to treatment ... if they’re saying there is nothing to treat,” the therapist said. The therapist further testified that Staples consistently denied “any deviant intent for his actions” and failed to acknowledge responsibility “for any behaviors that would need to be addressed as part of the program.” The trial court found that Staples had committed a willful and substantial violation of probation and sentenced him to twenty-six months in prison.
The primary goals of probation are to impose conditions that must be complied with so that: (1) the offender will be rehabilitated and more likely to conform his or her behavior to societal standards in the future; (2) society will be protected from further criminal conduct by the offender; and (3) the rights of the crime victim will be protected. Woodson v. State, 864 So.2d 512, 516 (Fla. 5th DCA 2004). To achieve these goals, in the context of- certain sex offenders, the Legislature has mandated that the offender must successfully complete a sex offender treatment program. See § 948.30(1)(c), Fla. Stat. (2012).[4]
In the instant case, the ITM Group program requires each client to acknowledge his or her offending behavior so as to facilitate treatment. It was Staples’ decision to refuse to take the steps necessary to complete the treatment program. To accept Staples’ argument would, in essence, excuse Staples from performance of a legislatively-mandated probation condition.
The decisions in Mills v. State, 840 So.2d 464 (Fla. 4th DCA 2003), and Archer v. State, 604 So.2d 561 (Fla. 1st DCA 1992),[5] further support our position. In Mills, the defendant pled no contest to two sex offenses. 840 So.2d at 465. He was sentenced to two years in prison followed by *564 four years’ probation. One of the conditions of Mills’ probation was that he complete a sex offender treatment program. After being released from prison, Mills was admitted into, and later terminated from, a sex offender program. One of the several grounds for Mills’ termination included his failure to take responsibility for his offending behaviors. The trial court’s decision to revoke Mills’ probation was upheld on appeal. The Fourth District Court of Appeal rejected Mills’ argument that because he had entered a “best interest” plea, he could not be required to admit his offending behavior as part of the treatment program. The court concluded that because Mills did not move to withdraw his plea, he could not argue that his probation conditions were improper because he was not guilty of the charged offenses. Id. at 466. (“Furthermore, Mills has not moved to withdraw his plea in the trial court and, as the plea “remains of record,” he cannot argue that the punishment is unjust because he is not guilty”)
In Archer, the defendant similarly contended that his dismissal from a sex offender treatment program, based on his failure to acknowledge a sexual problem, could not constitute a violation of probation where he was unaware of this requirement at the time he entered a no contest plea to four counts of attempted sexual battery upon a child under twelve years of age. 604 So.2d at 562-63. The First District Court of Appeal rejected this argument, concluding that if Archer did not understand the consequences of his plea, he should have sought to vacate his plea and/or his judgment and sentence:
Where a defendant’s claim is that his plea was entered without a full understanding of its consequences, his remedy is through either a motion to vacate his plea ...ora motion to vacate his judgment and sentence under Rule of Criminal Procedure 3.850 .... Because Archer has submitted neither motion to the trial court, he is entitled to no relief due to any misunderstanding as to the consequences of his plea.
Id. at 563.
Therefore, we find that the trial court did not abuse its discretion in finding that Staples had willfully and substantially violated his probation by failing to complete his court-ordered sex offender treatment program.
AFFIRMED.
PALMER and ORFINGER, JJ., concur.

. See Fla. R. Crim. P. 3.170(1).

. See Fla. R. Crim. P. 3.850(a)(5); see also Brown v. State, 943 So.2d 899 (Fla. 5th DCA 2006) (holding that defendant was entitled to hearing on his contention that counsel’s advice regarding Alford plea to attempted sexual battery upon child of less than 12 years of age constituted ineffective assistance of counsel; if defendant was advised by counsel that effect of Alford plea was that he would be able to maintain his innocence, and if defendant’s failure to admit guilt during sex offender treatment counseling resulted in automatic revocation of his probation, such consequence was direct, and not collateral, consequence of defendant’s plea.)

. Specifically, Staples pled guilty to, and was convicted of, a violation of section 847.0135(4)(b), Florida Statutes (2012):
Traveling to meet a minor. — Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
[[Image here]]
(b) Solicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct,
commits a felony of the second degree, ....

. Section 948.30 provides for additional terms and conditions of probation or community control for certain sex offenses:
Conditions imposed pursuant to this section do not require oral pronouncement at the time of sentencing and shall be considered standard conditions of probation or community control for offenders specified in this section.
(1) [T]the court must impose the following conditions in addition to all other standard and special conditions imposed:
[[Image here]]
(c) Active participation in and successful completion of a sex offender treatment program with qualified practitioners specifically trained to treat sex offenders, at the probationer’s or community controllee's own expense. If a qualified practitioner is not available within a 50-mile radius of the probationer's or community controllee’s residence, the offender shall participate in other appropriate therapy.

. But see Bennett v. State, 684 So.2d 242 (Fla. 2d DCA 1996) (finding that defendant's refusal, during sex offender treatment program, to admit to charged sexual conduct with child, resulting in his termination from treatment program which he was required to successfully complete as condition of probation, did not constitute willful and substantial violation of terms of probation so as to trigger revocation of probation, under circumstances indicating that defendant had not been advised prior to entry of guilty plea that he would have to admit underlying sexual acts in order to complete probation).