# Supreme Court of Florida

_____

No. SC14-2485
_____

**WARREN STAPLES,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[October 6, 2016]

QUINCE, J.

Warren Staples seeks review of the decision of the Fifth District Court of Appeal in Staples v. State, 161 So. 3d 561 (Fla. 5th DCA 2014), on the ground that it expressly and directly conflicts with decisions of the First, Second, and Fourth District Courts of Appeal in Bennett v. State, 684 So. 2d 242 (Fla. 2d DCA 1996), Bell v. State, 643 So. 2d 674 (Fla. 1st DCA 1994), and Diaz v. State, 629 So. 2d 261 (Fla. 4th DCA 1993), on a question of law. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons that follow, we approve the Fifth District's holding in the instant case and disapprove the conflict cases to the extent that they are inconsistent with our decision.

# FACTS

On August 28, 2012, Petitioner Warren Staples pleaded guilty to one count of traveling to meet a minor under section 847.0135(4)(b), Florida Statutes (2011).[1] Petitioner was adjudicated guilty and, as part of a stipulated downward departure sentence, was sentenced to six days time served and five years of sex offender probation. Condition 17 of Petitioner's sex offender probation required Petitioner to actively participate in and successfully complete a sex offender treatment program. See § 948.30(1)(c), Fla. Stat. (2011). Neither "active participation" nor "successful completion" is defined by statute. See §§ 948.30(1)(c), 948.001, Fla. Stat. ("Definitions").

From November 2012 to March 2013, Petitioner attended a sex offender treatment program with ITM Group. However, on March 22, 2013, Petitioner was discharged from the program for refusing to admit to any sexual misconduct necessitating treatment.[2] As a result of being terminated, Petitioner was charged with violating Condition 17 of his probation. Staples, 161 So. 3d at 562-63. Petitioner was not alleged to have violated his probation on any other grounds.

---

1. Petitioner was also charged with solicitation of a minor via computer, § 847.0135(3)(b), Fla. Stat. (2011), and attempted lewd or lascivious battery, §§ 800.04(4)(a), 777.04. However, the State entered a nolle prosequi on those counts.

2. Admitting fault or some form of deviant sexual misconduct is a required part of ITM Group's sex offender treatment program.

At the violation of probation hearing, Petitioner's therapist, Jack Stultz, testified that Petitioner was first admitted into the program on a trial basis to determine his amenability for treatment. This trial period typically lasts for two months but was extended in Petitioner's case to give him an opportunity to admit responsibility for any deviant or inappropriate behaviors to be addressed as part of the program.[3] Dr. Stultz also testified that Petitioner actively participated in the program and had not missed any sessions since January, when Petitioner was transferred to Dr. Stultz's sessions.[4] Petitioner's probation officer testified that Petitioner was substantially in compliance with the other conditions of his probation and that he was found to be in violation solely because of his continued denial of any deviant conduct.

Petitioner testified that he entered his guilty plea because he felt it was in his best interest. Both the transcript and judgment form from Petitioner's original plea hearing indicate that Petitioner pleaded guilty. The judgment form included options for pleading "Guilty-Best interest" and nolo contendere, but neither option

---

3. Dr. Stultz opined that a client is not amenable to treatment if that client is not willing to admit that he or she has a problem.

4. Petitioner began treatment with another therapist in the ITM Group, but was transferred to Dr. Stultz after a change in employment required that he attend night sessions instead. Petitioner provided the only testimony about his attendance while being treated by the first therapist in November and December and stated that he could not remember having any absences.

was selected.  Upon entry of his guilty plea, Petitioner was not required to admit in court that he had actually committed the charged offense, nor was he advised prior to the entry of his plea that the ITM Group treatment program would require him to admit some sexually deviant behavior.  Staples, 161 So. 3d at 562.  Before his admittance into the treatment program, Petitioner's probation officer instructed Petitioner on the conditions of his probation, including Condition 17.  However, those conditions did not expressly include the requirement that Petitioner admit any wrongdoing, nor did the probation officer disclose this program requirement until later on during Petitioner's treatment.  Nonetheless, Petitioner and his probation officer both acknowledged that before his discharge, Petitioner was made aware that continuing to deny sexual misconduct could result in his termination from the program, thereby violating his probation.  Petitioner testified that he was willing to finish the program, despite its financial strain on him.  Neither Petitioner nor his probation officer investigated or discussed alternative programs Petitioner could attend that would not require an admission of guilt or wrongdoing.[5]

---

5. Notably, this record does not demonstrate that any such programs exist. Dr. Stultz only testified that he knew other programs existed but did not know what their requirements were.  Petitioner testified that no one indicated to him whether other programs not including the admission requirement existed.

At the conclusion of the testimony, the trial court initially struggled to reconcile Petitioner's lack of notice of the admission requirement with the probation condition that Petitioner successfully complete the sex offender treatment program.[6]  However, upon being presented with case law—specifically, Mills v. State, 840 So. 2d 464 (Fla. 4th DCA 2003)—the trial court found that even if Petitioner did not have notice that he would be required to admit guilt as a condition of his probation, Petitioner's best recourse upon discovering the requirement was to move to set aside his plea on that basis.  Thus, the court revoked Petitioner's probation, finding that the State presented sufficient evidence of a violation.

The Fifth District affirmed the revocation:

On appeal, Staples argues that his dismissal from the sex offender treatment program based on his repeated refusal to admit to engaging in deviant sexual behavior cannot constitute a willful and substantial violation of probation where he was never advised, prior to the entry of his plea, that his admission to such behavior would be required.  Although Staples may not have been aware of this requirement at the time of the entry of his plea, the record reflects that he was made aware of the necessity to acknowledge his offending behavior months before he was dismissed from the program.  Upon learning of the full

_____

6.  The trial judge's first impression was that the probation order "leaves out any requirement for admitting.  And although [Petitioner's probation officer] and ITM might have said he has to admit[,] I can't violate somebody for orders created by probation or by counseling services.  I can only violate for orders created by, in this case, Judge Polodna and this Court."  He also stated, "Probation doesn't have the authority to create conditions of probation.  I can't violate him for a condition of probation that probation tells the defendant he has to do."

- 5 -

consequences of his plea, Staples' remedy was to either file a written motion to withdraw his plea, or a motion to vacate his judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850. Because Staples did neither, we conclude that the trial court could properly revoke his probation.

Staples, 161 So. 3d at 562 (footnotes omitted). The district court found that given the treatment program's requirement that an offender admit sexual misconduct in order to complete the program, it was Petitioner's "decision to refuse to take the steps necessary to complete the treatment program" and accepting Petitioner's argument "would, in essence, excuse [Petitioner] from performance of a legislatively mandated probation condition." Id. at 563. Petitioner appeals this decision on the basis of conflict jurisdiction.

## ANALYSIS

Petitioner argues that the trial court abused its discretion when it found that Petitioner willfully and substantially violated his probation by refusing to admit to some type of deviant behavior to be addressed by the sex offender treatment program. Whether a violation of probation is willful and substantial and has been demonstrated by the greater weight of the evidence is a question of fact for the trial court. State v. Carter, 835 So. 2d 259, 262 (Fla. 2002). The decision to revoke probation based on a willful and substantial violation is reviewed for an abuse of discretion. Id. However, where the issue presented is a question of law, the standard of review is de novo. Adams v. State, 979 So. 2d 921, 925 (Fla. 2008);

Lawson v. State, 969 So. 2d 222, 229 (Fla. 2007). While we will need to

determine whether the trial court abused its discretion, the conflict issue here

presents the legal question of whether a refusal to admit sexual misconduct can

constitute a violation of probation. As such, this initial question of law is reviewed

de novo.

## I. The Conflict Issue

The trial court and the Fifth District in the instant case found the refusal to

admit wrongdoing to be a violation of the probation condition requiring successful

completion of a sex offender treatment program because such refusal results in the

offender's discharge from the program he was required to successfully complete.

See Mills, 840 So. 2d at 467 ("Mills did not express any interest in successfully

completing a [sex] offender program in which he would have to admit his guilt.

Successful completion of the program, however, was dependent on such an

acknowledgment. Therefore, the court did not abuse its discretion in finding a

violation."); Arias v. State, 751 So. 2d 184, 186 (Fla. 3d DCA 2000) (finding that

probationer's refusal to accept full responsibility for his criminal conduct

"obviously precludes his successful completion of this program"); Archer v. State,

604 So. 2d 561, 563 (Fla. 1st DCA 1992) ("Archer adamantly maintained at the

hearing that he had no sexual problem and expressed no willingness to . . . comply

with the condition of probation."). Courts following this approach have found the

refusal to admit wrongdoing a willful and substantial violation because upon becoming aware of the admission requirement, the offender should have made a motion to withdraw the plea or vacate the judgment. Staples, 161 So. 3d at 562; Mills, 840 So. 2d at 466-67; Archer, 604 So. 2d at 563. Having done neither, the offender can have his or her probation revoked by the trial court, regardless of whether the offender was made aware of the requirement prior to the entry of the plea. Staples, 161 So. 3d at 562; Mills, 840 So. 2d at 466-67; Archer, 604 So. 2d at 563.

On the other hand, the conflict cases consider the program requirement of admitting wrongdoing to be a new, additional condition of probation, not imposed by the trial court. Bennett, 684 So. 2d at 243 (recognizing that probation condition required probationer to "enter into and successfully complete" a sex offender treatment program, but finding that "no condition of probation was imposed that required him to admit to a counselor the sexual acts charged"); Bell, 643 So. 2d at 675 ("The probation order did not require that [probationer] admit to the underlying charges."); Diaz, 629 So. 2d at 262 ("No specific condition of probation was imposed requiring [probationer] to admit to a counselor the specific acts charged."). Accordingly, those courts find that the refusal to admit is not a willful and substantial violation because (1) a trial court cannot revoke probation for violation of a condition that was imposed by someone other than the trial judge,

i.e., a probation officer or therapist;[7] and (2) the probationer had no notice prior to the entry of the plea that he or she would be required to admit sexual misconduct. Bennett, 684 So. 2d at 243; Bell, 643 So. 2d at 675; Diaz, 629 So. 2d at 262.[8] This second rationale appears to be based on the idea that "a defendant could not

---

7. See Kiess v. State, 642 So. 2d 1141, 1142 (Fla. 4th DCA 1994) ("Violation of a condition which is imposed by a probation officer, rather than an express condition of the trial court, cannot serve as a basis for revocation of probation.").

8. Respondent argues that these cases are distinguishable in several ways. First, he asserts that they are distinguishable because they each require the probationer to accept responsibility for or admit to the crime charged; whereas in this case, Petitioner was required only to admit wrongdoing or deviant sexual behavior in general. However, it is not clear from the record in this case whether Petitioner was required to admit guilt or simply acknowledge deviant behavior. Further, if this factor distinguishes the conflict cases, it also distinguishes the very case upon which Respondent himself relies because the offender in Mills was also required to "take responsibility for his offending behaviors" and "admit his guilt." Mills, 840 So. 2d at 466; see also Arias, 751 So. 2d at 186-87.
Respondent also argues that the cases are distinguishable because they involve probationers who were not on sex offender probation but instead received, as special conditions of their probation, conditions with language similar to the successful completion condition of sex offender probation. However, Respondent does not explain why such fact precludes the reasoning from being applied similarly to other types of probation cases. See Adams, 979 So. 2d at 926-27 (applying principle from drug offender probation case to sex offender probation case).
Lastly, Respondent argues that Bell and Diaz are distinguishable because the conditions in both cases required something less than "completion" of treatment. Bell, 643 So. 2d at 674 (requiring that offender "submit to" counseling); Diaz, 629 So. 2d at 261 (requiring offender to "receive" treatment or counseling). However, in neither case was that fact relevant to the way the district court decided the willful and substantial violation issue. As such, the conflict cases cited by Petitioner are not distinguishable on the bases offered by Respondent.

willfully violate a condition of probation without being on adequate notice of the conduct that is prohibited." Lawson, 969 So. 2d at 230.

We reject the rule from Bennett, Bell, and Diaz that requiring an offender to admit sexual misconduct is an impermissible third-party condition that cannot serve as the basis of a revocation. Instead, we recognize the admission requirement not as a probation condition on its own but as an internal, program-specific requirement that may or may not cause an offender to violate the "successful completion" condition of sex offender probation.

We also reject the rule from Bennett and Diaz that where a probationer is not told prior to the entry of a plea that an admission of wrongdoing is required, the probationer does not have sufficient notice of the admission requirement for the probationer's refusal to admit sexual misconduct to be a willful violation. Sex offender treatment programs will always have program-specific requirements not embodied by the generic language of the probation condition requiring "successful completion" of the program. Bennett and Diaz rob the trial court of its discretion to make fact-specific determinations as to whether a probationer had notice of those program-specific requirements. Without discretion, courts would have to specifically delineate, in each probation order, the program to which an offender is being sent and that program's internal requirements—an approach we have implicitly rejected. Lawson, 969 So. 2d at 235 (holding that "[p]robation orders

- 10 -

need not include every possible restriction so long as a reasonable person is put on notice of what conduct will subject him or her to revocation" and that "[a]lthough the conditions should be clearly set out and must mean what they say, every detail need not be spelled out and the language should be interpreted in its common, ordinary usage"). Thus, we disapprove <u>Bennett</u>, <u>Bell</u>, and <u>Diaz</u>.

## II. This Case

This Court reviews the trial court's revocation of probation for an abuse of discretion and must affirm the revocation unless "the trial court acted in an arbitrary, fanciful or unreasonable manner." <u>Carter</u>, 835 So. 2d at 262. Here, the trial court found that even if Petitioner did not have notice that he would be required to admit guilt as a condition of his probation, under <u>Mills</u>, Petitioner's best recourse upon discovering the requirement was to move to set aside his plea on that basis. Thus, the trial court found that the State presented sufficient evidence that Petitioner willfully and substantially violated his probation. The Fifth District affirmed, also finding that Petitioner's proper remedy was to file a motion to withdraw his plea or vacate his judgment and sentence. <u>Staples</u>, 161 So. 3d at 562. Both courts are correct that Petitioner could have moved to set aside his plea or vacate his judgment and sentence.

As to whether the violation was substantial, Dr. Stultz testified that a client would not be amenable to treatment in the ITM program if that client were not

- 11 -

willing to admit that he or she has a problem. Arias, 751 So. 2d at 186 (finding that probationer's refusal to accept full responsibility for his criminal conduct "obviously precludes his successful completion of this program"). Therefore, Petitioner's refusal to admit the need for help completely foreclosed his ability to successfully complete ITM's sex offender treatment program. Further, this Court has previously found a violation of sex offender probation to be substantial based on the importance of treatment to the sex offender and society. Adams, 979 So. 2d at 928 ("[S]ex offender probation and the treatment programs are essential not only to [the offender's] well-being and rehabilitation, but also to the protection of society and any potential future victims.").

Regarding willfulness, a probationer cannot willfully violate a condition of probation unless that probationer has adequate notice of what conduct is prohibited. Lawson, 969 So. 2d at 230. Here, Dr. Stultz testified that ITM extended Petitioner's trial period by about three months in order to give Petitioner an opportunity to identify any deviant or inappropriate behaviors that needed to be addressed as part of the program. Petitioner rejected this opportunity. More importantly, Petitioner was made aware, before being discharged, that continuing to deny sexual misconduct could result in his termination from the program and thereby violate his probation. Yet Petitioner did not file the appropriate motion with the trial court to avoid the violation. The trial court did not abuse its

discretion in revoking Petitioner's probation for his willful and substantial violation of probation. Accordingly, we approve the Fifth District's holding in the instant case.

## CONCLUSION

We disapprove <u>Bennett</u>, <u>Bell</u>, and <u>Diaz</u> to the extent that they are inconsistent with our decision. We approve the Fifth District's decision in <u>Staples v. State</u>, 161 So. 3d 561 (Fla. 5th DCA 2014), affirming the trial court's revocation of Petitioner's probation.

It is so ordered.

LEWIS, CANADY, and POLSTON, JJ., concur.
PARIENTE, J., dissents with an opinion, in which LABARGA, C.J., and PERRY, J., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PARIENTE, J., dissenting.

In this case the defendant entered a best interest plea so that he was not required to admit the crime to which he pled guilty—traveling to meet a minor. More importantly, he was not required to admit—and did not actually admit in court—that he engaged in sexually deviant behavior. While I agree that the defendant need not be put on notice of every program-specific requirement of probation, I disagree with the majority's attempt to characterize the substantial requirement, that is admitting to sexually deviant behavior, as merely "an internal,

- 13 -

program-specific requirement" of probation. Majority op. at 10. Without notice of this substantial probation requirement to admit to sexually deviant behavior he did not admit to in court, the defendant could not have willfully and substantially violated his probation by later failing to admit to such behavior in a sex offender probation treatment program, and his probation should not have been revoked on that basis. See State v. Meeks, 789 So. 2d 982, 987 (Fla. 2001) (A violation of probation "must always be willful and substantial to produce a revocation.") (emphasis omitted).

Additionally, I dissent because I disagree with the majority's conclusion that the defendant's proper remedy to avoid violating his probation when the State failed to convey this substantial probation requirement was moving to withdraw his plea. Majority op. at 11. In this case where the defendant lacked notice of the probation requirement in the first place, that remedy would have improperly shifted the burden of proof in a violation of probation proceeding from the State to the defendant. Accordingly, I dissent.

Sex offender probation under section 948.30(1)(c), Florida Statutes (2011), requires "[a]ctive participation and successful completion of" a sex offender treatment program. However, as the majority acknowledges, the statute does not further define the "successful completion" requirement as mandating that the defendant admit sexual misconduct. Majority op. at 2.

We explained in <u>Lawson v. State</u> that an essential part of due process in the revocation of probation is that "the probation order must [] adequately place the probationer on notice of conduct that is both required and prohibited during the probationary period." 969 So. 2d 222, 230 (Fla. 2007). As the majority points out, in <u>Lawson</u> we recognized that due process considerations do not require that the probation order "include every possible restriction <u>so long as a reasonable person is put on notice of what conduct will subject him or her to revocation</u>." Majority op. at 11 (quoting <u>Lawson</u>, 969 So. 2d at 235) (emphasis added).

I have no quarrel with the majority's rejection of a bright-line rule that a trial court must advise a defendant of every program specific requirement that will subject him or her to revocation. <u>Id.</u> at 10. I disagree, however, that the requirement that one admit to engaging in sexually deviant behavior when one was not required to admit such behavior in court can be characterized as an "internal, program specific requirement," not warranting notice prior to the entry of the plea. <u>Id.</u>

The issue we considered in <u>Lawson</u> was whether the State was required to put the defendant on notice of the number of attempts the defendant would have to successfully complete a drug treatment program, which is precisely the type of program specific requirement that does not need to be specified when imposing the condition of probation. 969 So. 2d at 228. Certainly in the present case, it is

reasonable to conclude that the probationer was on notice that to successfully complete his probation, he would have to actually attend the sex offender treatment program.

In stark contrast to the issue in <u>Lawson</u>, it is not a reasonable construction of the probation condition at issue here that the probationer was on notice that "successfully completing" the treatment program would also require admitting to sexual misconduct—something the probationer was "not required to admit" in court. <u>See</u> majority op. at 4. Thus, under this Court's precedent in <u>Lawson</u>, due process considerations do not allow the revocation of Staples's probation for noncompliance of a critical, yet unspecified, aspect of a probation condition that Staples—or any reasonable person—did not have notice of and would not have been expected to know could "subject him or her to revocation." 969 So. 2d at 235.

In short, if the condition of probation required the defendant to admit that he engaged in sexually deviant behavior, then that requirement should have been communicated to him before the time of the plea. This communication is even more critical when considering that in this case, although the defendant pled guilty, he asserted that it was a best interest plea, and he "was not required to admit in court that he had actually committed the charged offense." Majority op. at 4.

**Withdrawal of Plea is an Improper Remedy**

I also disagree with the majority's conclusion that the defendant's proper remedy in this case for avoiding a violation of his probation "was to file a motion to withdraw his plea or vacate his judgement and sentence." Majority op. at 11 (citing Staples v. State, 161 So. 3d 561, 562 (Fla. 5th DCA 2014)). It defies logic to require a defendant to withdraw his plea to avoid violating a probation condition that was never communicated to him when that remedy is, as the Fifth District explained, typically available for a defendant who does "not understand the consequences of his plea." Staples, 161 So. 3d at 564; see also Mills v. State, 840 So. 2d 464, 466 (Fla. 4th DCA 2003); Archer v. State, 604 So. 2d 561, 563 (Fla. 1st DCA 1992). A defendant cannot plausibly lack an understanding of the consequences of his plea when those consequences were never communicated to him so that he could form such an understanding in the first place.

Further, such a remedy inverts the burden of proof in a violation of probation proceeding, where the State must prove, by a preponderance of the evidence, that the defendant willfully and substantially violated a condition of probation. See Meeks, 789 So. 2d at 987; see also Walker v. State, 966 So. 2d 1004, 1006 (Fla. 5th DCA 2007) ("To establish a violation of probation, the State must prove, by a preponderance of the evidence, that a probationer willfully violated a substantial condition of probation."). By requiring the defendant to move to withdraw his best interest plea to avoid violating his probation, and then

- 17 -

prove the necessary requirements to meet the withdrawal standard, the trial court shifted the burden to the defendant to prove that he did not willfully and substantially violate a substantial requirement of probation, even when the State failed to put the defendant on notice of the substantial probation requirement. See Sheppard v. State, 17 So. 3d 275, 283 (Fla. 2009) (noting that defendant bears the burden of proving a manifest injustice in a motion to withdraw a plea after sentencing).

Under the specific facts of this case, I would conclude that the defendant's failure to admit that he engaged in sexually deviant behavior did not constitute a willful and substantial violation of probation because he did not have notice before he entered his plea that "successful completion" of a sex offender treatment program would require admitting to sexual misconduct. If the requirement of admitting that he engaged in sexually deviant behavior was a prerequisite of "successful completion" of a "sex offender treatment program," then that condition should have been communicated to the defendant before he entered his plea. Accordingly, I would approve the conflict decisions in Bennett v. State, 684 So. 2d 242 (Fla. 2d DCA 1996), Bell v. State, 643 So. 2d 674 (Fla. 1st DCA 1994), and Diaz v. State, 629 So. 2d 261 (Fla. 4th DCA 1993), and quash the Fifth District's decision in Staples v. State, 161 So. 3d 561 (Fla. 5th DCA 2014).

LABARGA, C.J., and PERRY, J., concur.

Application for Review of the Decision of the District Court of Appeal - Direct
Conflict of Decisions

     Fifth District - Case No. 5D13-3573

     (Osceola County)

James S. Purdy, Public Defender, and Christopher Sinclair Quarles, Assistant
Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida,

     for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Wesley Harold Heidt,
Bureau Chief, and Marjorie J. Vincent-Tripp, Assistant Attorney General, Daytona
Beach, Florida,

     for Respondent