PER CURIAM.
The trial court found that Janet Hern violated her community control by failing to remain confined to her approved residence.
As the state concedes, the violation in this case was not willful and substantial. Therefore, we reverse and remand with instructions to reinstate appellant’s community control.
The record shows that on May 17, 1999, appellant signed into her session at Bro-ward County Alcohol and Drug Abuse Services at 6:15 p.m. Hern had successfully completed phases 1 and 2 of the program. She had attended two sessions of phase 3.
The group let out at 8:15 p.m., leaving Hern only fifteen minutes to get home before her 8:30 p.m. curfew. A friend dropped Hern off at the meeting and she *1040 planned to take the bus home. When Hern realized that she had missed the bus, she decided to walk home rather than wait 45-55 minutes for the next bus.
Hern suffered from two disabilities which limited her mobility. She had fractured her foot several weeks earlier. She also suffers from myasthenia gravis, a neu-romuscular disorder. After stopping twice to rest during her 45-minute walk, she arrived home at approximately 9:05 p.m.
Upon learning from her boyfriend that her community control officer had been by to check on her, Hern attempted to call him to explain her tardiness. However, he did not answer his phone. The next day at her scheduled appointment, Hern explained the events of the previous night to her community control officer. This incident was the first time the officer had ever had a problem with Hern.
Community control or probation may be revoked only upon a showing that the probationer deliberately and willfully violated one or more conditions of community control or probation. See Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992). While a trial court’s decision to revoke a defendant’s probation or community control is reviewed on appeal for an abuse of discretion, the willful and substantial nature of the violation must be supported by the greater weight of the evidence. See Glee v. State, 731 So.2d 759, 760 (Fla. 4th DCA 1999); Steiner, 604 So.2d at 1267.
In this case, the record demonstrates that Hern made reasonable efforts to comply with the conditions of her community control, such that she did not willfully or substantially violate it.
No motions for rehearing will be entertained by this court.
WARNER, C.J., SHAHOOD and GROSS, JJ., concur.