FULMER, Judge.
Edward W. Slovak appeals the revocation of his probation and argues that his termination from a sex offender treatment program was not a willful and substantial violation. We agree and reverse.
In 1998, Slovak pleaded guilty to committing a lewd and lascivious act on a child under sixteen and to harboring a runaway. Slovak was placed on one year of community control followed by three years of probation with a condition requiring that Slovak “attend sex offender counseling.”
In June 2002, an affidavit was filed alleging that Slovak violated probation because he was terminated from sex offender counseling. The affidavit also alleged that Slovak failed to pay some costs of supervision and failed to meet his probation officer at a specified time, but the trial court rejected these allegations after hearing the evidence. At the hearing, Slovak testified that he had attended sex offender counseling for four years and had only one absence, which was excused. Slovak further testified that he participated the best he could but his participation was hampered because he was uncomfortable with the issues raised by the group. The program director testified that he terminated Slovak from the program in June 2002 because Slovak attended but did not really participate in the group therapy. Slovak testified, and the program director agreed, that Slovak was placed in a counseling group whose members had committed more serious offenses that were different from Slovak’s offense.
Slovak argues that the evidence does not show a willful and substantial violation of the condition that he attend sex offender counseling. We agree. See Lawson v. State, 845 So.2d 349, 350 (Fla. 2d DCA 2003) (reversing because evidence failed to show willful and substantial violation of probation when defendant had near perfect attendance record at sex offender counseling). Accordingly, we reverse.
Reversed and remanded.
DAVIS and KELLY, JJ., Concur.