922 So.2d 411 (2006)
John G. STANLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-4154.
District Court of Appeal of Florida, Fifth District.
March 10, 2006.
*412 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Stanley appeals from an order revoking his probation for violating condition 13, which provides:
You will at your own expense participate in Psychological and Sexual Abuse counseling as directed by your Probation Officer. Keeping all scheduled appointments, until such time as the person I[sic] charge of the treatment and the Probation Officer determine that treatment should be terminated.
The trial court found Stanley substantially and willfully violated condition 13 because: 1) after having been discharged from a treatment program, he only sought to continue treatment in another program when he was charged with violating his probation; and 2) since his term of probation was ending in a short period of time (three months), "he had run out of time to complete the program." We reverse.
*413 The record established that Stanley was discharged from prison in 1997 and began serving his probation. He entered a sex offender treatment program as required by condition 13 of the probation order. Although his participation in the program was less than model, this was not the reason he was discharged from it. The cause for his discharge from the sex offender treatment program was his arrest for a new offense.
On July 2, 2004, Stanley's probation officer, Gullo, filed an affidavit alleging Stanley had violated condition 5 of his probation by committing a new offense on June 21, 2004  prowling, a violation of section 856.021.
When Stanley appeared for therapy, after his arrest, his therapist, Dr. Furbinger, discharged him from the sex offender treatment program based on the prowling offense. She testified that she told him "should this be settled" he could come back into the program.
Stanley opposed the discharge and attempted to get into another sex offender program. Only one was available at that time, and it was located outside of Seminole County. In order to attend this program, Stanley had to get permission from his probation officer to leave Seminole County. However, Gullo testified that she refused to give him permission on the ground that he would not have time to "successfully complete" it before his probation expired in three months.
After Stanley was discharged from the program, Gullo filed an amended violation of probation affidavit, which included the violation of condition 5 for the prowling offense and added a violation of condition 13 for "not successfully completing the sex offender treatment program."
An evidentiary hearing was held on November 16, 2004, on the violations. The violation of condition 5, that Stanley had committed a new criminal offense, was dismissed. Thus, the hearing went forward only on a violation of condition 13. Gullo testified that at the time Stanley was discharged from the therapy program he was "compliant with his treatment regimen," his residence and employment were stable, and he had completely paid his costs of probation supervision and therapy to the extent of his ability to pay. Gullo also testified that since she had begun supervising him, he had done nothing to violate his probation prior to his discharge from the treatment program.
Dr. Furbinger testified she had treated Stanley for five years and that he had done well. However, she said his latest risk assessment was that he was having difficulty with his attitudes and interests, and some of his behaviors were risky. He was not forthcoming in group session and he was not using the tools and resources available to him. She thought he needed continuous counseling, perhaps for the rest of his life. In essence, her view was that he would never be able to "successfully complete" the therapy program because he would always need treatment. She wanted Stanley to continue treatment and she said he was eligible to return to her for treatment.
Our standard of review for a violation of probation determination is abuse of discretion. See Bernhardt v. State, 288 So.2d 490, 501 (Fla.1974); Arias v. State, 751 So.2d 184, 186 (Fla. 3d DCA 2000); Hern v. State, 747 So.2d 1039, 1040 (Fla. 4th DCA 1999). A violation of probation must be both willful and substantial before a defendant's probation may be revoked. See State v. Carter, 835 So.2d 259 (Fla. 2002); Lawson v. State, 845 So.2d 349, 350 (Fla. 2d DCA 2003); King v. State, 817 So.2d 935 (Fla. 5th DCA 2002); Schneck v. State, 764 So.2d 898, 900 (Fla. 5th DCA *414 2000). And the state must establish a willful and substantial violation by the greater weight of the evidence.[1] See Robinson v. State, 907 So.2d 1284, 1286 (Fla. 2d DCA 2005)(violation that triggers revocation of probation must be willful and substantial and its willful and substantial nature must be supported by greater weight of evidence); Gilbert v. State, 913 So.2d 84 (Fla. 2d DCA 2005)(same; although may be circumstances where revocation is patently unfair).
Whether the violation is willful and substantial is a fact question for the court, unless an abuse of discretion can be shown. Robinson v. State, 689 So.2d 1147 (Fla. 4th DCA 1997). The motive, intent and attitude of the defendant should be left to the trial court to determine.
The trial court based part of its finding of willfulness on the fact that Stanley only sought treatment in another program after an affidavit charging him with violation of probation had been filed. However, this finding is contradicted by the record. On June 22, 2004, the day after Stanley was arrested on the prowling charge, Gullo filed the VOP affidavit based on that new offense. Stanley bonded out and immediately resumed attendance at his therapy sessions. It was later when he appeared for therapy on July 14, 2004, that Dr. Furbinger terminated him from the program because of his arrest for the offense. Thus, prior to the date he was discharged from therapy, Stanley had no reason to seek other therapy programs.
The second basis the court stated for finding a willful violation was that Stanley had not successfully completed his sexual offender treatment program, and there was not enough time left (three months) to successfully complete another program. However, the language used in a condition of probation is determinative of a probationer's duties and responsibilities while on probation. Condition 13 provides only that Stanley "participate" in a sex offender treatment program. There is no requirement that he successfully complete such a program.
We agree with the dissent that such a provision requires more than lip service to "participation" in a therapy program. The terms of Stanley's probation were written in 1991. Since that time, with more experience, courts now use more exacting language, for example:
You shall enter, actively participate in, and successfully complete an outpatient and/or inpatient Sex Offender Treatment Program. . . .[2]
Even though condition 13 does not incorporate the current language, we think that the condition requires a probationer to make a genuine effort to attend and participate in the program, and to use the tools provided by the therapy program. During the approximately six years Stanley was on probation, it is apparent that he did make a genuine effort to do so, even though that effort was not perfect, and varied in intensity at times.
The state agrees that condition 13 did not require Stanley to successfully complete his therapy program, but it asserts that Stanley was found in willful violation because he did not adequately participate in it towards the end of his term of probation. There was evidence adduced to this effect. However, that was not the reason that Stanley was discharged from the *415 treatment program. The testimony was not in conflict on that point. He was discharged because of the prowling arrest  an issue which was dropped and not proven at the probation hearing. Had Stanley been discharged from the treatment program for failure to adequately participate in it; had that been the basis for the alleged violation of probation; had the failure to adequately participate been substantial and willful; and had it been established by competent substantial evidence at the hearing, this court would affirm.
Violation of probation cases adhere to strict due process requirements attendant to criminal cases.[3] A probationer must be violated for the reasons stated in the affidavit filed, and the reasons must be established by substantial competent evidence at the hearing. Further, the violation must mirror the language of the condition of probation allegedly violated.
In this case, the affidavit alleged a violation of condition 13 "for not successfully completing the sex offender treatment program." But as noted above, condition 13 does not require "successful completion"  only "participation." Lack of adequate participation was not alleged and the record established that Stanley was not dropped because of his inadequate participation in the sex offender therapy program. Further, the trial judge based his ruling on a fact not established at the hearing: that Stanley had not sought to obtain treatment in another program until after he had been violated.
We conclude that the evidence in this record does not support the finding that Stanley willfully and substantially violated condition 13 of his term of probation. Slovak v. State, 862 So.2d 875 (Fla. 2d DCA 2003)(termination from sex offender treatment insufficient to show willful and substantial violation of probation where defendant attended treatment for four years and had participated as best as he could although participation hampered due to his discomfort with issues raised in group).
REVERSED.
ORFINGER, J., concurs.
LAWSON, J., dissents, with opinion.
LAWSON, J., dissenting.
I believe that the trial court correctly concluded that Stanley willfully and substantially violated the probationary condition requiring that he "participate" in a sex offender treatment program. While the evidence clearly showed some level of participation, Stanley was terminated from his sex offender treatment program because his level of participation was insufficient to achieve the goals of the program. He had a long history of tardiness and missed groups. He regularly failed to turn in homework assignments. He failed to participate (or "share") during class sessions. He failed to use the "tools and resources that he had to facilitate his recovery." And, he was intentionally deceptive with his treatment providers as evidenced by the results of his required polygraph examinations (which he was also dilatory in providing).
As a result of Stanley's inadequate participation and "risky" behavior ("viewing child porn, viewing adult porn, watching people"), his treatment provider viewed him as a danger to society. As his probationary term neared its completion, his attitude and commitment to the program *416 deteriorated. Because there was not enough time remaining on his probation (and in treatment) to begin to address his dangerous behavior and tendencies given his history of half-hearted and less-than-satisfactory participation, he was discharged from treatment.
The majority agrees that a sexual offender who is not participating in his or her treatment program at a level sufficient to achieve the rehabilitative goals of the program is in violation of this probationary condition, and subject to violation proceedings. Where we differ is in the majority's view that Stanley was discharged from his sex offender treatment program and violated solely because of his new charge  and not because of his unsatisfactory participation. Contrary to the majority's conclusion, the affidavit for violation explained that:
On 07/14/04, the subject was terminated unsuccessfully from Sex Offender Counseling at Heartwork Counseling Center located in Seminole County, Florida. Reasons given for termination of counseling were, as part of his treatment planning, a particular concern were his sexual attitudes, interest behavior and inability or unwillingness to manage risk in his life. In addition, he continued to have difficulty problem solving and with impulsivity. He showed an unwillingness to make a full commitment to recovery or use the tools he had learned. He [had] been assigned homework on a regular basis which he did not complete, his most recent included a community safety plan. He was overdue on his completion of polygraphs in spite of numerous reminders from treatment and in addition he carried a balance of over $400.00. He was terminated unsuccessfully with the assessment that he continues to be a significant risk to the community.
At the hearing below, the only issue litigated was whether Stanley's deficient participation in the sex offender treatment program constituted a willful and substantial violation of his probation. There was never an objection that this basis for the violation was not adequately set forth in the affidavit. Rather, the parties fully litigated this precise issue. It was the reason given for Stanley's discharge from the treatment program. It was set forth in the affidavit as the sole basis for this violation. Because the evidence was clearly sufficient to support the trial court's finding that Stanley willfully and substantially violated his probation based upon his inadequate participation in the sex offender treatment program, I would affirm.
NOTES
[1] Technical violations are insufficient to establish a willful violation. See Reed v. State, 865 So.2d 644 (Fla. 2d DCA 2004); Lynom v. State, 816 So.2d 1218 (Fla. 2d DCA 2002).
[2] Standard condition for any defendant whose offense was in violation of chapter 794, section 827.071, or 847.0145, and said offense was committed on or after October 1, 1995.
[3] See Black v. Romano, 471 U.S. 606, 612, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985); Longley v. State, 902 So.2d 925 (Fla. 5th DCA 2005); Estevez v. State, 705 So.2d 972 (Fla. 3d DCA 1998); McCloud v. State, 653 So.2d 453 (Fla. 3d DCA 1995).