POLEN, J.
William Oertel timely appeals the order of the trial court, finding that he willfully and substantially violated his probation. We affirm but remand for entry of a written order of violation of probation.
After a jury trial, Oertel was found guilty of four counts of possession of child pornography, and sentenced to thirteen months in prison, followed by eighteen months of sex offender probation. A special condition of his probation was that he “complete successfully on the first try any recommended treatment.” Thereafter, an affidavit of violation of probation was filed, alleging that Oertel had violated this special condition by being discharged from the CORTE program.[1]
At the violation of probation hearing, Brooke Bauman, Oertel’s primary counsel- or at CORTE, testified that Oertel failed to sufficiently participate in the program and became “extremely argumentative to the point where it was starting to interfere with the progress of the other offenders.” She explained that Oertel “would try to argue the innocence of other offenders in the program who were admittedly open to discussing their offenses and expressing *154 their needs for treatment,” and that “he would try to find justifications as to why they were innocent or why they shouldn’t be there.” According to Bauman, Oertel “was just overall disruptive in the program.” She further testified that Oertel tried to convince her that child pornography was art. Because she did not believe Oertel was making a genuine effort to complete the program, Oertel was terminated. Bauman testified that she has treated over 100 patients at CORTE and that Oertel was the third patient she had asked to leave the program.
The defense called Jack Fleischman, Oertel’s trial attorney, who testified that CORTE forces people to admit guilt or be terminated, and that he had other clients with the same problem. Fleischman described the CORTE program as “a violation waiting to happen.” Dr. Eric Imhof, a licensed clinical psychologist specializing in the treatment of sex offenders, testified that Oertel’s lack of participation in CORTE may have been due to being placed in the wrong program. Oertel testified that he began to have conflicts with Bauman over his refusal to admit guilt, and that he explained to Bauman that he had not pled guilty, had gone to trial and lost, and that his case was pending on appeal. Otherwise, he testified, he participated in group. He further testified that Bauman took a very hostile, aggressive approach, but that he continued to attend and pay for the sessions. Bauman testified that she did not require Oertel to admit guilt.
Following the hearing, the trial court found Oertel in violation:
All right. This isn’t really even a difficult decision. I’m going to find that the CORTE treatment program is an appropriate treatment program for sex offenders, any type of sex offenders, it’s widely accepted in the community. It’s one of the two programs that are used, to my knowledge, most often, it’s even specified to be used in most orders. But I am finding that that’s an appropriate treatment program.
[[Image here]]
If people don’t want to get better or don’t want to change, and that’s the situation I feel is here, the behavior wants to continue, that’s a reason why you’d want to get out of a program that isn’t going to tolerate non-compliance. And that’s what we have here. We keep focusing on that he goes to every session. What’s the difference between being absent and going and doing nothing or going and doing things to contraindicate or contradict any of the types of treatment methods that are going on. It’s just not that different.
[[Image here]]
I don’t believe that personality clash exists with Ms. Bauman. I think it’s more of a clash with the restrictiveness of this program and the requirements of the program.
[[Image here]]
So, I’m going to find that he willfully violated his probation. I know it’s just proof beyond — the doubt is a lot less than beyond a reasonable doubt, but I don’t have a reasonable doubt even. I have no doubt at all as a matter of fact.
This appeal followed.
Oertel, relying on Slovak v. State, 862 So.2d 875 (Fla. 2d DCA 2003), argues that the trial court erred in finding that he willfully and substantially violated his probation because he was inappropriately placed at CORTE, had a perfect attendance record, paid for every session, committed no new substantive offenses and was not alleged to have violated any other conditions of probation. The State argues that the trial court properly found a willful *155 and substantial violation because the evidence established that Oertel refused to participate in therapy. The State submits that Archer v. State, 604 So.2d 561 (Fla. 1st DCA 1992), is identical to the case at bar.
“In order to support a revocation of probation, the State has the burden of proving by the greater weight of the evidence that the probationer’s violation was both substantial and willful.” Fulton v. State, 871 So.2d 1037 (Fla. 4th DCA 2004) (quoting Anderson v. State, 711 So.2d 106, 108 (Fla. 4th DCA 1998)). However, a finding of a “substantial” violation must be made after “considering all of the terms of probation imposed.” Rathburn v. State, 353 So.2d 902, 903 (Fla. 4th DCA 1977) (citations omitted). “On appeal, the trial court’s order is reviewed under an abuse of discretion standard.” Davis v. State, 796 So.2d 1222, 1225 (Fla. 4th DCA 2001) (citing Matthews v. State, 736 So.2d 72, 75 (Fla. 4th DCA 1999)).
In Slovak, Slovak was placed on three years of probation with a condition requiring that he “attend sex offender counseling.” Slovak, 862 So.2d at 876 (emphasis added). An affidavit was filed, alleging that Slovak violated probation because he was terminated from sex offender counseling. Id. At the hearing, Slovak testified, and the program director agreed, that Slovak was placed in a counseling group whose members had committed more serious offenses that were different from Slovak’s offense. Id. Slovak testified that he participated the best he could but his participation was hampered because he was uncomfortable with the issues raised by the group. Id. The program director testified that he terminated Slovak from the program because although Slovak attended, he did not really participate in the group therapy. Id. On appeal, the Second District held that the evidence did not show a willful and substantial violation of the condition that he attend sex offender counseling. Id. (emphasis in original).
In Archer, a special condition of probation required Archer to undergo a psycho-sexual evaluation and successfully complete any and all recommended treatment; no time frame for completion of this condition was included in the order. Archer, 604 So.2d at 562 (emphasis added). Archer began treatment but was terminated for failing to cooperate with his counselor. Id. He was then referred to a psychologist, who conducted a psychosexual evaluation; as a result of the evaluation, the psychologist placed Archer in a treatment program. Id: Essential to the successful completion of the treatment program was Archer’s acknowledgment that he had trouble controlling his sexual impulses. Id. After four weeks of therapy, the psychologist discharged Archer because he refused to acknowledge that he had a sexual problem; Archer was subsequently arrested for violation of probation. Id. At the hearing, the psychologist testified that, in light of Archer’s unwillingness to acknowledge his problem and his failure in the program, additional therapy sessions would be useless. Id. The trial court revoked Archer’s probation. Id. On appeal, the First District affirmed based on the psychologist’s testimony and because “Archer adamantly maintained at the hearing that he had no sexual problem and expressed no willingness to participate in a treatment program or otherwise comply with the condition of probation.” Id. at 563.
In Bell v. State, 643 So.2d 674 (Fla. 1st DCA 1994), Bell was sentenced to probation, with the condition that he “submit to Psychosexual counseling as directed by [his] Probation Officer.” Id. at 674. Bell was evaluated and recommended to a sexual offender treatment program; however, he was terminated from the program by his counselor for refusing to admit to the *156 charges against him, which was a requirement for continuation in the program. Id. at 674-75. An affidavit of violation of probation was filed for failing to complete psychosexual counseling per his instructions and for being terminated from counseling for refusing to admit his involvement in the offense committed. Id. at 675. His probation was revoked. Id.
On appeal, the First District reversed:
Bell’s probation order merely required that he “submit to” psychosexual counseling — a requirement which he satisfied by attending eight weekly counseling sessions before being terminated therefrom by his counselor for refusing to admit to the underlying charges. The probation order did not require that he admit to the underlying charges or that he complete the counseling at issue. These additional requirements imposed respectively by Bell’s counselor and probation officer amounted to an unauthorized and impermissible upward modification of Bell’s probation conditions, and Bell cannot now be penalized for failing to abide by them. As such, we reverse Bell’s probation revocation and remand to the trial court with directions that Bell’s probation be reinstated.
Id. at 675 (citation omitted). The court added:
We emphasize that this holding does not conflict with our recent decision in Archer, in which we affirmed a probation revocation order under analogous, but by no means identical, circumstances. Significantly, the Archer decision involves at least three important factual distinctions. First, the probation condition at issue in Archer required that the appellant successfully complete (as opposed to “submit to”) psychological treatment. Id. at 562. Second, the Archer appellant’s lack of desire to complete counseling was relevant to the specificity of his probation condition requiring him to complete counseling. Id. at 563. Again, because the probation conditions at issue here do not require Bell to complete counseling, his lack of desire to do so is irrelevant. Third, the appellant in Archer was discharged from counseling because he refused to acknowledge that he had a sexual problem. Id. at 562. In contrast, Bell was discharged from counseling for failing to admit his guilt in the underlying crimes.
Id. at n. 1 (citation omitted).
Here, the special condition to Oertel’s probation states:
Additional instructions ordered: Within 30 days. Defendant must complete successfully on the first try any recommended treatment and treatment must be completed at least 90 days before the end of probation.
We conclude that Slovak is distinguishable because in that case the condition of probation was that Slovak attend counseling, which he did; here, Oertel’s condition is to complete counseling, which he did not. We also find Archer to be distinguishable because in that case the probationer “adamantly maintained at the hearing that he had no sexual problem and expressed no willingness to participate in a treatment program or otherwise comply with the condition of probation.” Here, Oertel testified that he was open to treatment and willing to continue treatment with another provider. Moreover, in Archer, the psychologist testified that she did not believe there was any therapy that would be beneficial. Here, Dr. Imhof testified that other more holistic treatment approaches would be better suited for Oertel. However, like Archer and unlike Bell, Bauman testified that she did not require Oertel to admit his guilt.
“When a decision in a non-jury trial is based on findings of fact from disputed evidence, it is reviewed on appeal for competent, substantial evidence” be *157 cause “the trial judge is in the best position to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor and credibility of the witnesses.” Acoustic Innovations, Inc. v. Schafer, 976 So.2d 1139, 1143 (Fla. 4th DCA 2008) (citations and quotations omitted). Based on the testimony adduced at the hearing in this case, we must affirm the trial court’s finding that Oertel willfully and substantially violated his probation. However, although the trial court orally pronounced the violation of probation, it did not enter a written order. Consequently, we remand for entry of a written order. See King v. State, 46 So.3d 1171, 1172 (Fla. 4th DCA 2010) (“If a trial court revokes a defendant’s probation, the court is required to render a written order noting the specific conditions of probation that were violated.”); Robinson v. State, 74 So.3d 570, 572 (Fla. 4th DCA 2011) (“Even though the record is clear, a formal, written order specifying each condition of probation violated must be entered in this case. Therefore, we remand for entry of an order in conformity with this opinion.”).

Affirmed.

TAYLOR and HAZOURI, JJ., concur.

. CORTE is a private mental health counseling program that contracts with the Department of Corrections (DOC).