NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAY GOERS,                                )
                                          )
       Appellant,              )
                                          )
v.                                        )       Case No. 2D15-338
                                          )
STATE OF FLORIDA,                         )
                                          )
       Appellee.               )
                                          )

Opinion filed June 15, 2016.

Appeal from the Circuit Court for Polk
County; Glenn T. Selby, Judge.

Howard L. Dimmig, II, Public Defender,
and Cynthia J. Dodge, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa, for
Appellee.


SLEET, Judge.

       Jay Goers appeals his judgment and sentence following the revocation of

his probation. Because the State failed to prove that Goers willfully violated a

substantial condition of his probation, we reverse and remand for the reinstatement of

his supervision.

In exchange for his plea to failing to register as a sex offender, Goers was initially sentenced to five years' probation. Shortly thereafter, the State filed an affidavit alleging that Goers violated condition three, which required that he "not change [his] residence . . . without first procuring the consent of [his] officer," and condition nine, which required that he comply with all instructions given by his probation officer. At the subsequent violation hearing, the State put on evidence that Goers changed the address on his driver's license without the prior permission of his probation officer. It was undisputed that Goers did not move to the new address nor did he intend to move until after it had been approved by his probation officer and that he received approval of the new address from the sheriff's office prior to changing his license. Goers' probation officer testified that he called and left a message with her office regarding the proposed new address and that he provided a copy of his new driver's license immediately after the change. She also explained that one of Goers' probation goals was to obtain permanent housing and that she ultimately approved the new address after she visited and checked it for compliance. Based on this evidence, the trial court found that Goers willfully and substantially violated his probation, revoked Goers' probation, and sentenced him to fifty months' prison.

"To establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation." Lynom v. State, 816 So. 2d 1218, 1221 (Fla. 2d DCA 2002). On appeal, the State does not dispute that Goers never actually moved from his approved temporary housing. Instead, it argues that when Goers changed the address on his license it amounted to a change of residence and that he thereby willfully and substantially violated conditions three and nine of his probation. We disagree.

- 2 -

"[T]he language used in a condition of probation is determinative of a probationer's duties and responsibilities while on probation." Odom v. State, 15 So. 3d 672, 677 (Fla. 1st DCA 2009) (alteration in original) (quoting Stanley v. State, 922 So. 2d 411, 414 (Fla. 5th DCA 2006)). The express language of condition three required Goers to obtain the consent of his probation officer before changing his residence. Goers' probation order made no reference to whether he needed that same permission to update his driver's license. The evidence presented at the hearing showed that Goers reasonably complied with conditions three and nine and that any failure on his part to comply completely did not amount to a willful or substantial violation. See Lynom, 816 So. 2d at 1221 ("Where a probationer makes reasonable efforts to comply with a condition of probation, violation of the condition cannot be deemed 'willful.' "); Hines v. State, 789 So. 2d 1085, 1087 (Fla. 2d DCA 2001); Odom, 15 So. 3d at 675 ("Reasonable efforts to comply with a condition of probation cannot be deemed a willful violation.").

The undisputed evidence reflected that Goers did not physically change his residence without his probation officer's consent. Therefore, the State has failed to prove a violation of condition three. Because Goers did not violate condition three, he did not fail to comply with his probation officer's instruction "to comply with all terms and conditions of probation." Therefore, the State has also failed to prove a violation of condition nine. Accordingly, the trial court abused its discretion when it revoked Goers' probation. We reverse Goers' fifty-month prison sentence and remand for the trial court to reinstate his probation.

Reversed and remanded with instructions.

LaROSE and SALARIO, JJ., Concur.