PER CURIAM.
Lonnie McKinnon appeals the trial court's order revoking his probation and the sentence imposed after that revocation. Although he was found in violation of Conditions One (failing to report to the probation office), Three (moving residences without notifying and obtaining the consent of his probation officer), and Five (committing a new law violation), McKinnon only challenges the trial court's finding that he violated Condition Three of his probation. He argues the trial court erred in finding him guilty of violating Condition Three because the violation failed to mirror the language of the condition of probation allegedly violated. As McKinnon correctly notes, the language in the probation order for Condition Three states that he would remain in a specified place and not change his residence or employment without the consent of his probation officer. Yet, the Violation of Probation (VOP) affidavit charged a violation of Condition Three for failure to report for his July 2017 appointment at the probation office.
*822 As such, McKinnon contends that his conduct did not actually violate the language of Condition Three. We agree.
The due process requirements applicable to criminal cases apply to VOP cases. Stanley v. State, 922 So.2d 411, 415 (Fla. 5th DCA 2006) (citing Black v. Romano, 471 U.S. 606, 612, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985) ). One of these due process requirements is that the probation order "adequately place the probationer on notice of conduct that is both required and prohibited during the probationary period." Ramirez v. State, 4 So.3d 752, 753 (Fla. 2d DCA 2009) (quoting Lawson v. State, 969 So.2d 222, 230 (Fla. 2007) ). Both the affidavit of violation and the court's finding of violation must mirror the probation condition:
A probationer must be violated for the reasons stated in the affidavit filed, and the reasons must be established by substantial competent evidence at the hearing. Further, the violation must mirror the language of the condition of probation allegedly violated.
Stanley, 922 So.2d at 415. Allegations that are not mentioned or required in the condition of probation cannot form the basis of a VOP. Odom v. State, 15 So.3d 672, 677-78 (Fla. 1st DCA 2009) (citing Stanley, 922 So.2d at 415 ).
Here, the trial court's finding that Condition Three was violated is limited to the terms of Condition One, which required reporting to the probation office on request the trial court found:
Count 3 about making himself available to report to his probation officer in July, that's, once again, it's a Condition 3 violation. As she said, and I believe, Ms. Anglin, that after he stopped showing up, she never heard from him until he was arrested in September, so he willfully violated Condition No. 3 by the greater weight or preponderance of the evidence ....
The finding never mentions the requirements of Condition Three, which concerns Appellant's residence, his employment, a change in residence or employment, and the consent or lack of consent of his probation officer to the change.
Accordingly, because the trial court's finding does not mirror the language of Condition Three in the probation order, we remand with directions that the trial court strike the violation of Condition Three from the written order revoking probation. The sentence on the VOP is nonetheless affirmed as it is clear from the record that the sentence would have been the same if only the violations of Conditions One and Five, both of which are substantial, had been considered. See Webb v. State, 154 So.3d 1186, 1189 (Fla. 4th DCA 2015) (citing Brown v. State, 12 So.3d 877, 879-80 (Fla. 4th DCA 2009) ); Davis v. State, 474 So.2d 1246 (Fla. 4th DCA 1985).
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
BERGER, EISNAUGLE and HARRIS, JJ., concur.