DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JERRY WATSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-2306

_____

December 20, 2024

Appeal from the Circuit Court for Pinellas County; William H. Burgess,
III, Judge.

Robert R. Berry of Law Office of Robert R. Berry, P.A., Tallahassee, for
Appellant.

Ashley Moody, Attorney General, Tallahassee, and James A. Hellickson,
Assistant Attorney General, Tampa, for Appellee.

LUCAS, Judge.

Jerry Watson appeals an order of revocation of probation and the
resulting twenty-year prison sentence entered against him. Though we
empathize with the circuit court's decision, a close reading of the terms
of his probation compels us to reverse.

Mr. Watson entered a guilty plea to a charge of organized scheme to
defraud on September 13, 2013. He was adjudicated guilty and placed

on probation for ten years.  His probation order included several standard terms, but our focus in this case is on his requirement to pay restitution:

> 10.  You will pay restitution, court costs, and/or fees in accordance with special conditions imposed or in accordance with the attached orders.
>
>     . . . .
>
> **SPECIAL CONDITIONS:**
>
> 15. You will make restitution to the following victim(s), as directed by the court until the obligation is paid in full: **Name: VICTIM** *Total amount*: **$135,000.00** Additional instructions ordered, including specific monthly amount, begin date, due date or joint & several: The Court has applied **$50,000.00** out of bond toward this assessment.  The balance of this assessment is payable at the rate of **$200.00 per month**.  Payment of this restitution amount is a condition of Probation. . . .
>
>     . . . .
>
> 21. Other: You may apply for early termination after **½ upon payment of restitution**.

In the appended cost and fine order, the court imposed a list of mandatory and discretionary costs and included the following specific instructions for payment of those costs:

> You will first pay restitution in full and after restitution is satisfied, pay at least $100 per month toward the fine and court cost.  If the Court determines that you have the ability to pay, failure to pay all fines and court costs in full within 12 months after restitution is satisfied but no later than three months prior to the end of the term of probation, will result in a violation of probation or community control . . . .

In the ensuing ten years of his probation, Mr. Watson fulfilled the $200 monthly payment obligation.  Near the end of his probationary term, Mr. Watson apparently received $75,000 from a retirement account

2

in connection with his divorce in Palm Beach County.[1] He used these funds to purchase a used car, pay off credit cards, pay off purported loans from family members, and move into and furnish a rental apartment. He did not use any of these funds towards his restitution obligation.

On June 30, 2023, an affidavit of violation of probation was filed. The affidavit alleged that Mr. Watson violated condition 10 of his probation "by failing to make restitution payments to the probation officer as directed in accordance with the payment instructions of the court." The affidavit further asserted that Mr. Watson owed $73,885.29 as of June 28, 2023.

At a hearing on the alleged violation, Mr. Watson's probation officer again maintained that he owed nearly $74,000 in restitution. She testified that he failed to remit any part of his marital settlement towards his restitution obligation. But notably, she did not state that he was required to do so. Nor did she indicate that she, or anyone else involved in supervising his probation, had ever instructed Mr. Watson that in the event he was to receive some amount of money over and above whatever his ordinary income was, he would be obliged to remit some portion of that amount towards his restitution obligation. To the contrary, the probation officer attested as follows:

> Q. You'd agree that he's been compliant with his restitution payments throughout the term of his probation?
>
> A. Yes. Yes. Mr. Watson has been very compliant. . . . I gave him his amounts that he owed before he transferred

---

[1] The record includes a marital settlement agreement in case number 50-2022-DR-6892 signed by Mr. Watson on April 12, 2023, which reflects a distribution of a Roth IRA in the amount of $75,000 to Mr. Watson. The circuit court took judicial notice of the settlement agreement.

back to Texas. I haven't had any issues out of Mr. Watson. He's been paying. No issues at all.

The circuit court rendered a thorough and detailed order finding Mr. Watson had willfully violated condition 10 of his probation by failing to remit restitution when he had the ability to do so. In particular, the court remarked that "[a]lthough a sentence of imprisonment under the Criminal Punishment Code would have been appropriate, the Defendant was given a nonincarcertative probationary sentence with the expectation that he would make full restitution to all of his victims." The court then concluded:

> The burden is on the defendant who has the resources to make payments, and neither a court nor the Department of Corrections is required to blueprint the means by which a defendant can legally acquire funds to pay a financial obligation, and a defendant's violation for the obligation to pay may not be deemed non-willful on the basis of the defendant's claimed confusion regarding how to fulfill this obligation.
>
>         . . . .
>
> The Defendant (and perhaps some of his lawyers) appears to be under the false impression that as long as he made his monthly restitution payments he was forever immunized against any violation of probation for nonpayment, that the minimum required payment of $200 per month was the cost of doing business, and that he could simply run out the clock (or be granted early termination of probation) without ever having to pay the full amount of restitution he owes, so long as he appeared to be indigent.
>
>         . . . .
>
> The Defendant does not qualify for sentencing pursuant to section 948.06(2)(f) because that provision of the law applies to violations for willfully failing to make *monthly* restitution payments, which the Defendant had been doing at the minimum rate of $200 per month. The Defendant violated his probation in this case by willfully failing to pay

4

the *total* amount of restitution he owes within the term of probation he was sentenced to.

The circuit court terminated and revoked Mr. Watson's probation and sentenced him to twenty years in prison, which, given Mr. Watson's advanced age (he was eighty-three at the time of the hearing) and the length of years, the court candidly acknowledged was "a substantial prison sentence." Mr. Watson timely initiated this appeal.

We review a court's factual determination that a defendant committed a willful and substantial violation of the terms of probation for competent, substantial evidence. *Harris v. State*, 318 So. 3d 645, 647 (Fla. 2d DCA 2021) (citing *Savage v. State*, 120 So. 3d 619, 621 (Fla. 2d DCA 2013)). However, "[i]f there is a question about whether the proven conduct legally constitutes a violation of probation, then the trial court's legal decision is subject to *de novo* review." *Hill v. State*, 301 So. 3d 1081, 1082 (Fla. 1st DCA 2020) (citing *Staples v. State*, 202 So. 3d 28, 32 (Fla. 2016)).

Looking, then, to the language of the restitution provision, it is clear Mr. Watson was ordered to pay $200 a month. He was also required to "make restitution" in a total amount of $85,000 ($135,000 less the bond credit of $50,000). The circuit court, however, seemed to go one step further, inferring that if, as apparently happened here, Mr. Watson came into sufficient funds—"found money,"[2] if you will—during his probation he would be required to pay off the full restitution amount with that money, failing which he would be in violation of his probation.

---

[2] Found money: "Unexpected money that one obtains in a manner that differs from one's usual sources of income." *See* found money, Wiktionary, https://en.wiktionary.org/wiki/found_money (last visited Sept. 16, 2024).

5

But that's not what the restitution order said. *See Lawson v. State*, 969 So. 2d 222, 230 (Fla. 2007) ("[T]he trial court and the probation order must also adequately place the probationer on notice of conduct that is both required and prohibited during the probationary period. As this Court stated in *Hines* [*v. State*, 358 So. 2d 183, 185 (Fla. 1978)], '[f]undamental fairness requires that a defendant be placed on notice as to what he [or she] must do or refrain from doing while on probation.' " (third and fourth alterations in original) (citation omitted)); *Goers v. State*, 193 So. 3d 1068, 1069 (Fla. 2d DCA 2016) ("[T]he language used in a condition of probation is determinative of a probationer's duties and responsibilities while on probation." (alteration in original) (quoting *Odom v. State*, 15 So. 3d 672, 677 (Fla. 1st DCA 2009))); *Stanley v. State*, 922 So. 2d 411, 415 (Fla. 5th DCA 2006) ("Further, the violation must mirror the language of the condition of probation allegedly violated.").[3] There is no term in Mr. Watson's probation order that addresses what effect, if any, a change in his

_____

[3] We would also note the way the circuit court construed the probation order was not entirely consistent with what Mr. Watson's probation officer testified at the hearing. Mr. Watson was never instructed—by anyone—that he would have to pay anything over and above the $200 monthly payment referenced in his probation order. A failure to pay a set monthly obligation when the probationer has the ability to do so can constitute a willful violation of probation. *See, e.g., Noel v. State*, 391 So. 3d 911, 914-15 (Fla. 4th DCA 2024); *Taylor v. State*, 949 So. 2d 345, 347 (Fla. 4th DCA 2007); *see also Thompson v. State*, 250 So. 3d 132, 135-36 (Fla. 1st DCA 2018) ("The trial court had before it competent, substantial evidence that Appellant made no reasonable efforts for nearly two years to comply with the monetary obligations of her probation."). But the probation officer affirmed at the hearing that Mr. Watson was compliant with his probation by consistently paying the $200 monthly amount throughout the term of his probation.

financial circumstances would have vis-à-vis payment of his entire restitution obligation.[4]  And the fact that any remaining restitution owed could become a civil judgment lien or an income deduction order at the conclusion of Mr. Watson's probation did not imbue the restitution provision with additional terms that were never included.  Mr. Watson was ordered to pay $200 per month for the term of his probation.  He did so.  He did not, therefore, violate the restitution payment obligation of his probation order.

We understand the circuit court's frustration with what transpired in this case.  As the learned judge who presided over the violation of probation proceeding observed, Mr. Watson avoided prison under the assumption he would make restitution to the victims of his financial crime.  But, having determined that Mr. Watson complied with the letter, if not the spirit, of his restitution obligation during his probation's term, we must reluctantly reverse the order revoking Mr. Watson's probation and the corresponding sentence.

Reversed and remanded.

KHOUZAM, J., Concurs.
ATKINSON, J., Concurs in result only.

————————————————

Opinion subject to revision prior to official publication.

---

[4] The only part of Mr. Watson's probation order that addressed his ability but failure to pay a set sum was with respect to the payment of fines and court costs, which is not applicable here.